# SUPREME COURT.

WILLIAM R. MERRILL, respondent, agt. SAMUEL PATTISON, appellant.

A *re-trial* may be had in all cases brought into the *county courts*, by appeal, without reference to the form of the action, when the *claim or claims* for judgment made by the pleadings of either party shall exceed the sum of fifty dollars.

And also in actions for the recovery of specific personal property, where no claim or claims exceeding that amount may be made, provided the damages actually recovered, added to the assessed value of the property, shall exceed that sum.

*Erie General Term, February,* 1870.

MARVIN, *P. J.,* BARKER *and* DANIELS, *JJ.*

THIS action was originally commenced in a court of justice of the peace, in Chautauqua county, for the recovery of the possession of one buck sheep, claimed to be wrongfully detained by the defendant from the plaintiff, and damages for the detention of the same. The complaint alleged the sheep to be of the value of twenty dollars, and demanded judgment for its return, with one hundred dollars damages for its wrongful detention. The defendant, by his answer, denied each and every allegation contained in the complaint. At the time of the commencement of the suit, the sheep was taken from the possession of the defendant by virtue of the undertaking, affidavit and indorsement of the justice, provided for by the Code. The action was tried on the return day of the summons, and the plaintiff had judgment awarding to him the possession of the property, with $12 damages, for its detention by the defendant, and five dollars costs. The defendant appealed from the judgment to the county court of Chautauqua county, and that court refused to

allow the cause to be there re-tried, and affirmed the judgment of the justice. From the order then made, and the judgment pronounced by that court, the defendant appealed to this court.

JULIUS A. PARSONS, *for appellant.*
SHERMAN & SCOTT, *for respondent.*

*By the Court,* DANIELS, *J.*—As the evidence given on the trial of the cause before the justice was not returned, and is not contained in the case on which the appeal was heard in this court, no ground is disclosed on which this court can pronounce either the judgment of the justice or that of the county court erroneous upon the merits. If any presumption is to be entertained on that subject, it is that both those judgments were given according to law. For evidence is never to be presumed, its existence must always be shown by the party insisting upon it. The only question, therefore, which is presented by the present appeal, is whether the county court erroneously refused to allow the cause to be re-tried before that tribunal.

No substantial change seems to have been made in the law which can affect the decision of this question since jurisdiction was first conferred upon justices of the peace over actions for the recovery of the possession of personal property. (*Laws of* 1860, 209; *Laws of* 1862, 853, § 23). By the act last referred to, the new trial in the county court was provided: for two classes of cases. First: Where the claim or claims for which judgment may be demanded by either party in his pleadings shall exceed fifty dollars. Second: When in an action to recover the possession of personal property, the value of the property as assessed, and the damages recovered shall exceed fifty dollars (*Code,* § 352). The first of these provisions is as comprehensive as it could well be made by language. The terms made use of for the purpose of indicating the right of the appealing party to a new

trial in the county court, are of the most general nature. That right is made solely dependent upon the claim or claims made by either party in his pleadings. Wherever a claim exceeding fifty dollars may be made in an action for the recovery of specific personal property as in any other form of action known to the law. Wherever such a claim may be made, the right to the new trial under the general provision must be determined by that circumstance.

If that were not the construction required by this provision, the defeated party would be deprived of the right to try the action in the county court, where the property itself might exceed the value of fifty dollars, if no assessment of the value were made in the action. And such assessment has not been required where judgment for the possession alone may be given either for the plaintiff or defendant (*Code*, § 53, *p*. 35). The same consequence would follow if no damages should be recovered, for it is only where the value may be assessed and damages may be recovered, and both added together shall exceed fifty dollars, that a new trial can be had under the succeeding portion of the section in question. That portion of the section applies to that, and to no other class of cases.

It can hardly, with any degree of propriety, be supposed that it was intended to provide for a new trial in that single instance, in actions for the recovery of specific personal property, and to deny it in all others, even though the property itself might exceed the sum of fifty dollars in value, or the damages claimed amount to more than that sum. And yet that would be the result of holding that a new trial in this class of cases can only be had, where the damages recovered, and the value of the property as assessed, together exceed the sum of fifty dollars. Important claims by way of liens upon the property in controversy, and for the value of the property itself, are often, as well as necessarily, made in this class of actions, and no more reason exists for concluding the parties asserting them, or against whom they may be

asserted by the result of the judgment rendered by the justice, than does where the action may be brought or defended solely for the recovery of money.    The claim or claims mentioned in this section of the Code may be made as well in this class of cases, so far as they may have become connected with the principal subject of the controversy, as they can in any other; and when they are legally and properly set forth in the pleadings and judgment demanded for them, they as clearly entitle the parties to the action, to a re-trial of the cause in the county court on appeal as if the claim stood by itself in an action for the simple recovery of damages.    No reasonable ground exists for supposing that it was intended that a party should be entitled to a re-trial of his cause in the county court on appeal, where the claim or claims made by the pleadings exceed the sum of fifty dollars, and the action may be brought, or defended solely for their recovery, and that the same privilege should be denied, where a claim or claims of an equal amount may be made in an action for the recovery of specific personal property.    The same reason exists for allowing a re-trial in the county court in the latter case that does in the former.    And it cannot be supposed that in this respect the legislature intended to make any distinction between the different cases. The object of the latter clause of the sub-division referred to, was to give the parties a re-trial on appeal in the county court, in a class of cases where they would not have been entitled to it under the preceding provision.    That was where no claim should be made by the pleadings on either side exceeding the sum of fifty dollars, and yet the damages recovered and the value of the property as assessed, together exceeded that amount.

The fair reading of this portion of the section is, that re-trials may be had in all cases brought into the county courts by appeal without reference to the form of the action, where the claim or claims for judgment made by the pleadings of either party shall exceed the sum of fifty dollars, and also, in

actions for the recovery of specific personal property, where no claim or claims exceeding that amount may be made, provided the damages actually recovered, added to the assessed value of the property, shall exceed that sum. The claim made by the plaintiff for damages for the detention of the property in controversy in this cause did exceed the sum of fifty dollars, and for that reason the action should have been re-tried in the county court. The judgment must be reversed, and a new trial ordered, with costs to abide the event.