## SECOND DEPARTMENT, NOVEMBER, 1925.

In the Matter of the Application of JAQUINO REALTY CORPORATION, Respondent, for a Peremptory Order of Mandamus against WILLIAM C. ORMOND and Others, Constituting the Board of Assessors of the City of New York, Appellants.

*Appeal — reargument directed on ground that case cannot be decided on papers presented — further papers ordered to be submitted.*

Appeal from a peremptory mandamus order of the Supreme Court, made at the Kings Special Term and entered in the Kings county clerk's office December 3, 1924.

PER CURIAM: We are unable to decide the questions presented by this appeal upon the papers filed. We, therefore, direct a reargument on November thirteenth. Upon such reargument we should be furnished with the following papers and exhibits referred to in the printed record but which were not submitted to the court: 1. The photographs referred to in the petition. 2. The maps or plans referred to in the papers, or extracts therefrom, showing: a. The beach said to have been laid out by the board of estimate and its relation to the property of the respondent. b. The boardwalk referred to in the petition and its relation to the property of the respondent and interference, if any, with access from respondent's property to the beach. c. The structure in West Thirty-seventh

street and its relation to the property of the respondent. 3. Is West Thirty-seventh street a public highway duly opened, with date of opening? Was award made to abutting owners for damages upon the opening of the street? What is the southerly terminus of the street as opened? 4. Copy of claim filed by respondent with the board of assessors which was dismissed by the board as alleged in the petition. 5. Printed copies of the various resolutions of the board of estimate and apportionment referred to in the petition. 6. Printed copies of the petition and proceedings to ascertain compensation to be made to the owners of property referred to in paragraphs V and VI of the present proceeding. Was a final order entered in that proceeding? If so, a copy should be furnished. Extracts from these papers may be sufficient if they show the relation of the property of the respondent to the proceeding and the awards, if any, to the owners of said property. 7. In appellants' point I, page 4, it is stated: " Prior to October, 1921, the property upon which the said boardwalk was erected was private property the fee of which was in private ownership." What " private property " and what " private ownership " is here referred to? Kelly, P. J., Rich, Manning, Young and Kapper, JJ., concur. Reargument directed, and case set down for Friday, November 13, 1925.