MADISON COUNTY TRUST AND DEPOSIT COMPANY, Appellant, *v.* RAY B. SMITH and Others, Defendants, Impleaded with H. SEYMOUR GETMAN and Others, Respondents.*

Third Department, November 18, 1931.

* Revg. 139 Misc. 388.

*Hinman, Howard & Kattell* [*Morris Gitlitz* of counsel], for the appellant.

*Wilbur, Winslow & Bennison* [*Victor Levine* of counsel], for the respondent H. Seymour Getman.

*Mandel Weisberg,* for the respondent Charles M. Bedell.

*Matterson, Quinn, Higgins & Tormey,* for the respondent Ina L. Miller.

WHITMYER, J. The action is on a promissory note, payable on demand, to recover the sum of $3,487.89, with interest on various sums from October 1, 1925, to August 1, 1929, amounting to $914.90, and on $3,487.90 from August 1, 1929.

The case came on for trial before the court and a jury. At the close of the evidence the parties, severally, moved for the direction of a verdict, each in his own favor, whereupon the court dismissed the jury, reserved decision, and thereafter made findings of fact and conclusions of law.

Judgment in the sum of $4,549.45, with interest from May 26, 1930, was rendered against the defendants who did not answer. The complaint was dismissed as to the three respondents who pleaded the Statute of Limitations.

The evidence is not in the record, but the facts are undisputed and the only question is whether or not the Statute of Limitations is a bar as to the respondents.

The action was commenced against Ina L. Miller on August 30, 1929, against Charles M. Bedell on September 3, 1929, and against H. Seymour Getman on September 20, 1929.

It appears that Frank T. Miller died on or about July 12, 1922, leaving a last will and testament, in and by which he named Ina L. Miller as the executrix thereof and that she duly qualified thereafter, whereupon letters testamentary were duly issued to her.

And the court found that payments were made on the note by the maker up to and including, at least, May 8, 1924, and that the last payment by the maker, during the lifetime of Miller, was of principal, in the sum of $2,000, on April 1, 1922, and of interest on April 24, 1922.

The note was given for $20,000, along with another in the same amount, to procure moneys to pay for stock of a fire insurance company, which the maker and the ten original indorsers were organizing. In all, the sum of $300,000 was required and the sum

of $260,000 had been raised. The balance of $40,000, needed for the purchase of the stock, was raised by the two notes, each in the same amount. The one in suit was negotiated to plaintiff. The other was negotiated to another bank, but has been paid.

When the notes were executed, it was mutually agreed that the maker and the indorsers were to be and were in fact co-makers and primarily liable for the payment thereof and that the indorsers were all principals and not accommodation indorsers. Thereupon the maker and all of the indorsers became directors of the insurance company, and the proceeds of the note, advanced by plaintiff, were paid to the insurance company.

The maker and the indorsers further mutually agreed that the stock of the company " should be placed in trust " with the maker of the note and one Klink, an indorser, " as agents for all of the signers," that the maker should sell the stock and, as and when it should be sold, should pay the proceeds thereof to plaintiff and to the other bank to reduce the notes.

The court found that the insurance company shares were sold from time to time, and that the maker applied the proceeds of the sales to the reduction of the notes and made payments to plaintiff on its note at different times up to and including, at least, May 8, 1924.

And the court found, at plaintiff's request, that the payments were made by the maker, with the consent and by the authorization of each and all of the defendants, as agents for such defendants and on their behalf.

Upon the facts as found, plaintiff is entitled to a reversal of the judgment, so far as appealed from.

The authorization to the agent to make the payment " on behalf " of his principals was sufficient to bind them for a new period of limitation, without express authority. The situation is the same as it would have been if each one liable on the note had, personally, paid his proportionate share. (*Matter of Hallenbeck*, 119 App. Div. 757; *McDonald* v. *McDonald*, 28 N. Y. St. Repr. 18, 19; *Shoemaker* v. *Benedict*, 11 N. Y. 185, 189; *First National Bank of Utica* v. *Ballou*, 49 id. 155, 158; *McMullen* v. *Rafferty*, 89 id. 456; *Hoover* v. *Hubbard*, 202 id. 289.)

*Pickett* v. *Leonard* (34 N. Y. 175), relied upon by the trial court, is distinguishable. There the payment was made by an assignee for the benefit of creditors, who, in no sense, is an agent of the assignor and acts only by reason of the authority vested in him by law.

The distinction is pointed out in *American Woolen Co.* v. *Samuelsohn* (226 N. Y. 61, 69).

The case is taken out of the statute by reason of the payments by respondents, through their authorized agent, within the period fixed by statute. (*Harper* v. *Fairley*, 53 N. Y. 442.)

The death of Miller revoked the maker's authority, but the payments during his lifetime enlarged the period of limitation, and the action was commenced before the expiration of such period, so that his estate is legally liable.

The judgment as to respondents should be reversed and plaintiff should have judgment against them, under the facts found, for $4,549.45, with interest from May 26, 1930, with costs.

All concur; RHODES, J., not sitting.

The judgment, so far as appealed from, is reversed, on the law and the facts, and judgment is directed in favor of the appellant against the respondents in the sum of $4,549.45, with interest thereon from May 26, 1930, with costs.

The court disapproves of the sixth, seventh and ninth conclusions of law made by the trial court, and, in place thereof, concludes:

6. The payments so made by the said Ray B. Smith bound the said defendants for a new period of limitation.

7. Plaintiff's remedy on the note against said defendants was not barred by the Statute of Limitations at the time this action was commenced.

9. Plaintiff is entitled to judgment against said defendants for $4,549.45, with interest from May 26, 1930.