MADISON COUNTY TRUST AND DEPOSIT COMPANY, Respondent, *v.* RAY B. SMITH et al., Defendants and H. SEYMOUR GETMAN et al., Appellants.

(Argued May 11, 1932; decided July 19, 1932.)

*Victor Levine* and *Mandel Weisberg* for appellants. The Appellate Division with only the judgment roll before it should not have given judgment for the plaintiff. It should, at most, have ordered a new trial. (*Gleason* v. *Hamilton*, 138 N. Y. 353; *Corr* v. *Hoffman*, 256 N. Y. 254; *Wood* v. *Wyeth*, 106 App. Div. 21; *Gotham Construction Co.* v. *New York*, 233 App. Div. 699; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Dixon* v. *James*, 181 N. Y. 129; *Duclos* v. *Kelly*, 197 N. Y. 76; *Elliott* v. *Guardian Trust Co.*, 204 N. Y. 212; Civ. Prac. Act, § 602; *Bonnette* v. *Malloy*, 209 N. Y. 167; *Murphy* v. *Murphy*, 251 N. Y. 207; *Greenstaner* v. *Connecticut Fire Ins. Co.*, 228 N. Y. 388; *Boyd* v. *Boyd*, 252 N. Y. 422; *York Mortgage Corp.* v. *Clotar Construction Corp.*, 254 N. Y. 128; *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1; *Schwarz* v. *Weber*, 103 N. Y. 658; *Delaney* v. *Valentine*, 11 App. Div. 316; *Aalholm* v. *People*, 211 N. Y. 406.)

*Morris Gitlitz* for respondent. An appeal to the Appellate Division taken in the manner authorized by section 575 of the Civil Practice Act, on exceptions to the ruling of the trial court on questions of law, and without making a case, does not limit the power of the Appellate Division on reversal to the granting of a new trial. The Appellate Division properly directed judgment for the plaintiff. (*Dann* v. *Palmer*, 151 App. Div. 151; *Hydraulic Power Co.* v. *Pettebone-Cataract Paper Co.*, 194 App. Div. 819; *Herpe* v. *Herpe*, 225 N. Y. 323; *Rochester Lantern Co.* v. *S. & P. Press Co.*, 135 N. Y. 209; *Stoddard* v. *Whiting*, 46 N. Y. 627; *Delaney* v. *Valentine*, 11 App. Div. 316; *Morrison* v. *Chapman*, 155 App. Div. 515; *Casualty Co. of America* v. *U. S. Casualty Co.*, 161 App. Div. 591; *Union Trust Co.* v. *Oliver*, 155 App. Div. 646; *Lamport* v. *Smedley*, 213 N. Y. 82; *United Paperboard Co.* v. *Iroquois Pulp & Paper Co.*, 217 App. Div. 253.)

The Court of Appeals must conclusively presume that the Appellate Division reversed upon the law only, and can, therefore, only consider whether the findings justify the conclusions of law. A decision that they do not requires an affirmance of the judgment of the Appellate Division. (*Schnibbe* v. *Glenz*, 252 N. Y. 7; *Caldwell* v. *Nicolson*, 235 N. Y. 209; *Snyder* v. *Seaman*, 157 N. Y. 449; *McNulty* v. *Mt. Morris El. Light Co.*, 172 N. Y. 410; *Farleigh* v. *Cadman*, 159 N. Y. 169.)

O'BRIEN, J. This action, begun August 30, 1929, is for the recovery of a balance on a demand note dated March 7, 1919, made by defendant Smith and indorsed by appellants Getman, Bedell and Miller as well as six other defendants who are not represented on this appeal. The principal defense of these three appellants is the Statute of Limitations. Payments on the note were made by Smith as late as May 8, 1924, but the trial justice, without a jury, held that such payments by the maker of the note did not toll the running of the statute as against the indorsers. The Appellate Division reversed and decided that, inasmuch as the facts had been found at the trial that by agreement at the time of the execution of the note the maker and the indorsers were to be and were co-makers and primarily liable and were all principals and not accommodation indorsers and that the maker and one other were agents for all the signers and also that the payments were made by the maker with appellants' consent and on their behalf, the case is taken out of the statute by reason of the payments by the indorsers through their authorized agent within the time fixed by statute. The opinion states that "upon the facts as found" (233 App. Div. 623, 625), plaintiff is entitled to judgment against the indorsers and the order and judgment so direct. These mandates reverse three conclusions of law but, without specific reference to any of the twenty-seven findings of fact and without making new ones, recite that the judgment is reversed on the law and the facts.

Only the judgment roll was before the Appellate Division. The evidence upon which the findings were made was omitted from the record. The appellants in this court, although successful at the trial, had excepted to the finding in relation to an agreement by them to be co-makers and principals and primarily liable as well as to the finding in relation to an agreement by which the maker was to represent them as agent and to the finding that payment was made with their consent and on their behalf. They argue that even though it might be concluded that the theory adopted for their favorable judgment at the trial was incorrect, they are entitled at some time to show that the result, for other reasons, was right and that the findings of fact upon which the Appellate Division based its conclusions of law were either contrary to or not supported by the evidence. They complain that, by reason of the absence of the evidence from the present record and on account of the final judgment directed against them on this record, they are for all time deprived of their right to a review of the whole case on the facts whereby their judgment might be supported on grounds differing from those stated at the trial.

We agree that the findings, as they stand, lead to the conclusion that payment by the maker, as agent, bound appellants (See *Brooklyn Savings Bank* v. *Wechsler Estate,* 259 N. Y. 9, 13, and cases therein cited), but the serious questions before us relate to their right, at some time, to a review of the facts upon which those findings rest and the power of an appellate court, under the circumstances, to direct final judgment against them. If the underlying evidence ever is presented to the Appellate Division and if upon a review of it that court makes findings of fact antagonistic to those to which defendants excepted, a conclusion of law resulting in harmony with the judgment at Trial Term but proceeding from a dissimilar theory might be adopted. On this record neither the Appellate Division nor this court can divine the

nature of the evidence or its probative value. In the absence of that evidence, the Appellate Division was justified in reversing on the findings and would have been warranted in granting a new trial. (*Rochester Lantern Co.* v. *S. & P. Press Co.*, 135 N. Y. 209.) Was that court, on the present record, empowered to go further and direct final judgment?

It was the plaintiff which was the party that appealed. Since it was satisfied with the findings of fact and relied only upon exceptions to rulings on questions of law, it was not bound to make a case (Civ. Prac. Act, § 575; *Rochester Lantern Co.* v. *S. & P. Press Co.*, *supra*), and the form of the record, for the purpose of presenting questions of law only, meets the requirements of the statute. However, a party excepting to findings of fact has the right at some time during the course of the litigation to a review directed to the question whether such findings are supported by evidence. The authority conferred by section 584 of the Civil Practice Act upon any appellate court to render final judgment upon the right of any or all of the parties according to law is limited by the language of that section. Where it may be "necessary or proper to grant a new trial," any appellate court to which an appeal is taken, including of course this court, may grant it. Whether it be proper to protect a litigant's right at some stage to an opportunity to review facts, in cases where the privilege of an appeal is permitted, admits of only one answer. According to the judgment before us no opportunity can ever be accorded. The case of *Schnibbe* v. *Glenz* (252 N. Y. 7), cited by respondent, is not analogous, for there the evidence was in the record. It was possible for the Appellate Division to have reversed specific findings and to have made new ones and, because it did neither, we were bound to presume that the findings had been affirmed and the judgment reversed solely on the law. Accordingly, we reversed the order of the Appellate Division and affirmed the judgment of the Special Term. Here

it was impossible for the Appellate Division to reverse any finding or to make a new one, for that court was uninformed of the evidence upon which the findings were based. While the order recites that the judgment is reversed on the law and the facts, the opinion states that it is reversed on " the facts as found." The reasoning in such opinions as those in *Bonnette* v. *Molloy* (209 N. Y. 167, 173) and *Aalholm* v. *People* (211 N. Y. 406, 420) applies here and leads to the result that, since it is impossible to hold as matter of law that defendants cannot succeed on a new trial, their rights should not at this time be conclusively determined.

The judgment of the Appellate Division should be modified by granting a new trial and, as so modified, affirmed, with costs to appellants in the Appellate Division and in this court.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.