MAURICE HAWLEY, Respondent, v. JOHN B. SULLIVAN, Appellant.

Third Department, May 5, 1933.

*John J. Bennett, Jr., Attorney-General* [*A. W. Orvis* of counsel], for the appellant.

*Charles A. Murphy,* for the respondent.

HEFFERNAN, J. This is a reargument of an appeal from an order of the County Court of St. Lawrence county granting respondent's motion expunging from the notice of appeal the provision demanding a new trial in the appellate court. On a former appeal to this court the order was reversed on the law and the motion denied (236 App. Div. 771). Subsequently this court granted respondent's application for a reargument (238 App. Div. 755).

This action originated in a Justice's Court in the town of Colton,

St. Lawrence county, N. Y. Issue was joined on October 27, 1931. The pleadings were oral. The action was brought for the recovery of a Fox shotgun of the alleged value of $100, together with seventy-five cents per day for its detention. The answer, in addition to a general denial, alleged that appellant, acting as a game protector, took the gun from respondent while the latter was using it in violation of the game laws.

By consent the trial of the cause was adjourned to November 16, 1931. On the adjourned date appellant did not appear and the court, after hearing the evidence, rendered judgment in favor of the respondent for the return of the gun or its value, $38, in the event that possession thereof could not be obtained, together with $26.25, the rental value of the gun, besides costs of $5.40.

Section 442 of the Justice Court Act provides that " where an issue of fact or an issue of law was joined before the justice and the sum for which judgment was demanded by either party in his pleadings, exceeds one hundred dollars, *or, where in an action to recover a chattel, the value of the property as fixed, together with the damages recovered, if any, exceeds one hundred dollars*, the appellant, in his notice of appeal, may demand a new trial in the appellate court; and thereupon he is entitled thereto whether the defendant was or was not present at the trial."

It is apparent from reading this section that provision for a new trial in the County Court is made in two classes of cases: (1) When the judgment demanded by either party in his pleadings exceeds $100; (2) where in an action to recover a chattel, the value of the property as fixed, together with the damages recovered, if any, exceeds $100.

In this case the object of the action is to recover a chattel. It is true that the demand for judgment in the complaint exceeds $100. The amount recovered, however, is less. The question upon this appeal is not to be determined by the amount demanded in the pleading but is governed entirely by the amount recovered.

The cases of *Merrill* v. *Pattison* (44 How. Pr. 289) and *Reynolds* v. *Swick* (35 Hun, 278), upon which appellant relies, are not in conflict with these views; on the contrary, when analysed, they sustain our construction of this statute.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CRAPSER and BLISS, JJ., concur; HILL, P. J., dissents, with a memorandum, in which RHODES, J., concurs.

HILL, P. J. (dissenting). The language used in section 442 of the Justice Court Act will sustain a construction that a new trial

may be had in the appellate court in an action to recover a chattel where " the value of the property as fixed " in the complaint " together with the damages recovered " in the action exceeds $100. This construction is favored by the earlier part of the same sentence wherein it is stated that a new trial may be had in the appellate court if the sum demanded in the complaint exceeds $100. This construction is more likely to effect a just result than that adopted by the majority. Appellant should not be denied a trial. The complaint stated the value of the chattel to be $100, and asked judgment for that amount, together with damages for detention. Upon the defendant's failure to appear on the adjourned day, proof of value in accordance with the complaint was not made. Witnesses might be produced who would intentionally lessen the value under such circumstances, to prevent the defendant from having opportunity to litigate the issues and to present his defense upon a trial. The tendency of decisions is to permit at least one trial of an issue of fact and a review thereof. (*Madison County Trust & Deposit Co.* v. *Smith*, 259 N. Y. 348.)

I favor a reversal of the order, with costs, and a denial of the motion, with ten dollars costs.

RHODES, J., concurs.

Order affirmed, with ten dollars costs and disbursements.