In the Matter of FREDERICK SMALL, Respondent, against PAUL MOSS, as Commissioner of Licenses of the City of New York, Appellant.

Argued March 8, 1938; decided April 12, 1938.

*William C. Chanler,* Corporation Counsel (*Alan M. Stroock, Paxton Blair* and *David I. Shivitz* of counsel). for appellant. The decision of the Appellate Division should be reversed because it erred in holding that Special Term lacked power to deny a peremptory mandamus order. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *People ex rel. Ross* v. *Dooling,* 132 App. Div. 50; *People ex rel. Blank* v. *Supreme Lodge,* 126 App. Div. 86; *People ex rel. Geraci* v. *Italian Assn.,* 123 App. Div. 277; *Matter of Friedman* v. *Delaney,* 147 Misc. Rep. 154; 241 App. Div. 711; *People ex rel. Coveney* v. *Kearny,* 44 App. Div. 449; 161 N. Y. 648; *People ex rel. McDonald* v. *Clausen,* 163 N. Y. 523; *People ex rel. Bean* v. *Clausen,* 74 App. Div. 217; *Matter of Steinway,* 159 N. Y. 250; *Matter of Poucher* v. *Berry,* 249 N. Y. 16; *People ex rel. Wood* v. *Assessors,* 137 N. Y. 201; *United States ex rel. Greathouse* v. *Dern,* 289 U. S. 352; *People ex rel. Moses* v. *Gaynor,* 77 Misc. Rep. 576; 160 App. Div. 881; *Matter of Ormsby* v. *Bell,* 218 N. Y. 212; *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Message Photo-Play Co.* v. *Bell,* 179 App. Div. 13.) The decision of Special Term denying a peremptory mandamus order should have been affirmed since defendant had jurisdiction to reject the application for a license on the grounds stated in the return, and the Appellate Division did not, and under the circumstances could not, review the discretion of Special Term in refusing mandamus. (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Matter of Goelet* v. *Moss,* 248 App. Div. 499; 273 N. Y. 503; *Matter of Agoglia* v. *Mulrooney,* 259 N. Y. 462; *People ex rel. Moses* v. *Gaynor,* 77 Misc. Rep. 576; *Matter of Noeth* v. *Valentine,* 247 App. Div.

807; *Matter of Ormsby v. Bell*, 218 N. Y. 212; *Matter of Berry v. Brearton*, 263 N. Y. 274; *McDougall v. Shoemaker*, 236 N. Y. 127; *Matter of Smidt v. McKee*, 262 N. Y. 373; *People ex rel. Peaks v. Voorhis*, 243 N. Y. 420; *People ex rel. Ellis-Joslyn Pub. Co. v. Common Council*, 223 N. Y. 445, *Matter of Hart*, 159 N. Y. 278; *Matter of Haydorn v. Carroll*, 184 App. Div. 151; 225 N. Y. 84; *Rochester Lantern Co. v. Stiles & Parker Press Co.*, 135 N. Y. 209; *People ex rel. Connolly v. Board of Education*, 113 App. Div. 315; *Delaney v. Valentine*, 11 App. Div. 316; *Ingersoll v. Cunningham*, 95 App. Div. 571.) Even if the Appellate Division was right in holding that a Special Term was bound to grant a peremptory mandamus order because of the Trial Term's findings, it should have allowed either a new trial or some other appropriate remedy whereby the findings could be reviewed. (*Madison County Trust & Deposit Co. v. Smith*, 259 N. Y. 348; *Bonnette v. Molloy*, 209 N. Y. 168; *Aalholm v. People*, 211 N. Y. 406.) Even if the Commissioner of Licenses had no jurisdiction to refuse the license, the decision of Special Term denying the peremptory order as matter of discretion was not reversible. (*Matter of Durr v. Paragon Trading Corp.*, 270 N. Y. 464; *United States ex rel. Greathouse v. Dern*, 289 U. S. 352; *People ex rel. Wood v. Assessors*, 137 N. Y. 201; *Conger v. N. Y., W. S. & B. R. R. Co.*, 120 N. Y. 29.)

*David Steckler* and *Israel Hoffman* for respondent. The findings of the Trial Term established a clear legal right to a site approval and theatre license. It was error, therefore, for the Special Term to deny petitioner's application for a mandamus order based upon the findings. The Appellate Division properly reversed the order denying petitioner's application. (*People ex rel. Birmingham v. Grout*, 45 Misc. Rep. 181; *People ex rel. McDonald v. Clausen*, 163 N. Y. 523; *People ex rel. Coveney v. Kearny*, 44 App. Div. 449; 161 N. Y. 648.) The defendant's denial of a theatre license and approval of the site

was arbitrary, capricious and an abuse of discretion, since his conclusions were without any reasonable basis. (*Message Photo-Play Co.* v. *Bell*, 179 App. Div. 13; *People ex rel. E. C. T. Club* v. *State R. Comm.*, 190 N. Y. 31; *People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187; *Matter of Goelet* v. *Moss*, 248 App. Div. 499; 273 N. Y. 503; *Matter of Phipps Estates* v. *Moss*, 248 App. Div. 872; 273 N. Y. 505.) There were no facts or circumstances upon which the Special Term could predicate the exercise of its discretion to deny the application. (*People ex rel. Gas-Light Co.* v. *Common Council*, 78 N. Y. 56; *People ex rel. Ellis-Joslyn Pub. Co.* v. *Common Council*, 223 N. Y. 445; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *People ex rel. Millard* v. *Chapin*, 104 N. Y. 96; *Matter of Smidt* v. *McKee*, 262 N. Y. 373.) Defendant, in the exercise of the licensing power, had no jurisdiction to predicate denial of a license upon the ground of traffic hazards. (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330; *Matter of Goelet* v. *Moss*, 248 App. Div. 499; 273 N. Y. 503; *Matter of Phipps Estates* v. *Moss*, 248 App. Div. 872; 273 N. Y. 505; *People ex rel. Sprenger* v. *Dept. of Health*, 226 N. Y. 209; *People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187.) The Appellate Division, in reversing the Special Term, properly granted petitioner's motion and ordered the issuance of a site approval and theatre license. The defendant had opportunities to review the findings of the Trial Term, and has not been prejudiced by the order of the Appellate Division. (*Madison Co. Trust & Deposit Co.* v. *Smith*, 259 N. Y. 348; *Rochester Lantern Co.* v. *S. & P. Press Co.*, 135 N. Y. 209; *Macomber* v. *Sterling*, 230 App. Div. 598; *McNamara* v. *Goldan*, 194 N. Y. 315; *People ex rel. Long Island R. R. Co.* v. *Wolf*, 152 App. Div. 173 *Schintzuis* v. *Lackawanna Steel Co.*, 224 N. Y. 226.)

LEHMAN, J. The petitioner, desiring to erect and operate a motion picture theatre on premises on the west side of Riverdale avenue, one hundred and twenty-five feet

north of West Two Hundred and Thirty-fifth street in the borough of the Bronx, applied to the Commissioner of Licenses for approval of the site and for a license for the operation of a theatre. After a hearing, the application was denied. Then the petitioner, claiming that the action of the Commissioner was arbitrary, moved at Special Term for a peremptory order of mandamus commanding the Commissioner " to forthwith issue a license and /or approval for the use of premises 3509 Riverdale avenue for motion picture theatre purposes or for an alternative mandamus order directed to him and commanding him to perform such acts and duties or show cause why the said order should not be obeyed."

The alternative order was granted. The Commissioner made a return in which, in addition to certain denials, he alleged as three " separate and distinct " defenses that satisfactory proof had been presented to him " establishing that a motion picture theatre on the proposed site would destroy the residential character of the neighborhood and create a real and unnecessary hardship on the residents; * * * would increase the pedestrian and vehicle traffic so as to create a condition dangerous to the traveling public; * * * that the noise, traffic congestion and attendant parking problem resulting from the erection of a theatre at the proposed location would be a serious detriment to the general welfare, public health and safety of the community." As a " fourth, separate and distinct defense " the Commissioner alleged in his return " that the denial of petitioner's application for a motion picture theatre site approval was in the public interest and was a just, reasonable, legal and proper exercise of the discretionary powers vested in the respondent."

Both sides waived a jury trial and the issues of fact were tried at Trial Term before Mr. Justice STEUER without a jury in accordance with section 1333 of the Civil Practice Act. Just as in the trial of issues of fact raised

by pleadings in an action, the trial justice was called upon to define the issues raised by denials, in the return, of " material " allegations, contained in the petition, or by " material " allegations of new matter, contained in the return.   (Civ. Prac. Act, §§ 1331, 1332, repealed L. 1937, ch. 526.)

The petitioner can succeed only if he establishes a clear legal right to a license.   It follows that every allegation which, if proven, would establish or defeat such legal right is material.   The Legislature may vest in a licensing officer a measure of discretion in granting or refusing a license.   It determines the field of administrative discretion.   Into that field the courts may not enter. Refusal to grant a license is arbitrary only when it is not based on a reasonable exercise of the discretion vested in the licensing officer.   The limits of reasonable discretion are transgressed where refusal is based upon a ground which under the statute the licensing officer may not consider or upon a ground which is not supported by any evidence.   (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330.) Arbitrary refusal of a license in such case to a fit and proper applicant is a wrong to him; and " he has a remedy through mandamus to right the wrong which he has suffered."   (*Matter of Picone* v. *Commissioner of Licenses,* 241 N. Y. 157, 160.)   Whether or not an applicant has a clear legal right to a license depends, then, upon the question whether a refusal would be arbitrary or capricious, or whether a refusal would be justified by the existence of conditions which, under the provisions of the statute, might furnish reasonable ground for refusal by the licensing officer, in the exercise of a discretion vested in him. That question constitutes the ultimate issue of fact to be determined by the trial judge.

The trial judge, at the close of the trial, made no formal findings of fact but wrote an opinion which concluded with the words: " The issues raised by the pleadings are resolved in favor of the petitioner " and which set forth the grounds for that conclusion.   The Civil Practice Act provided that

" upon the trial of the issue of fact, the verdict, report or decision must be returned to, and the final order thereupon must be made by, the appellate division or the special term, as the case requires." (§ 1334, repealed L. 1937, ch. 526.) Accordingly, the opinion of the trial judge, embodying his decision, was returned to Special Term and the petitioner moved at Special Term for a final peremptory order of mandamus. In spite of the fact that the trial judge had stated that " the issues raised by the pleadings are resolved in favor of the petitioner," the motion for a final order was denied. The petitioner then appealed to the Appellate Division from the order denying his motion.

Upon the application for a final order of mandamus, the findings embodied in a verdict, report or decision made at the trial of issues of fact under an alternative order are binding and conclusive upon the court at Special Term. The final order must be consistent with such findings. (*People ex rel. Hanrahan* v. *Board of Metropolitan Police*, 26 N. Y. 316; *People ex rel. McDonald* v. *Clausen*, 163 N. Y. 523.) The court at Special Term determines whether as matter of law the findings of fact establish a clear legal right of the petitioner and, then, whether in the exercise of sound discretion the court should grant or withhold a final peremptory order of mandamus for the enforcement of that right. Since in this case the opinion stated that the issues of fact were resolved in his favor, the petitioner maintained that the findings left no room for the exercise of discretion, but that as matter of law a peremptory order must issue. Because the petitioner in appealing to the Appellate Division relied only upon his exception to the ruling of the justice at Special Term denying the motion for a final order, he availed himself of the right given by section 575 of the Civil Practice Act and made no " case " upon the appeal.

The Corporation Counsel, representing the Commissioner of Licenses, endeavored, without success, to induce the Appellate Division to direct that a " case " should

be made in order that the appellate court might have before it the record of the trial and might review the decision and findings of the *trial judge* if it should decide that such findings, while unreversed, dictate the conclusion that a final peremptory order of mandamus should issue. Without such " case " the Appellate Division had before it only the order of Special Term and the decision of the trial judge, embodied in his opinion. It could upon this record review the order of Special Term, but not the rulings of the trial judge or his decision. Upon the record before it, the Appellate Division reversed the order of Special Term and remitted the matter to the justice at Trial Term " for specific findings upon all issues of fact, the matter thereafter to be referred to Special Term for complete determination pursuant to law." In a *per curiam* opinion the Appellate Division said: " In the proper exercise of its discretion the court at Special Term should grant the peremptory mandamus order unless it appears from the findings of the trial court that the public health, safety or morals of the community would thereby be impaired. (*Matter of Goelet* v. *Moss,* 248 App. Div. 499; affd., 273 N. Y. 503; *Matter of Phipps Estates* v. *Moss,* 248 App. Div. 872; affd., 273 N. Y. 505.) " (252 App. Div. 71.)

In obedience to the directions of the Appellate Division, the trial judge made a formal decision, which, after reciting among other things that both parties had stipulated " that the making of findings be waived and that the opinion of the court be deemed its decision upon the facts," set forth fourteen specific findings of fact. The findings which may have a bearing upon the questions to be decided upon this appeal read as follows:

" *Sixth:* On or about May 13th, 1936, the respondent denied the petitioner's application for the issuance of a theatre license for the proposed theatre upon the grounds, (1) that the erection of a theatre at said location would increase pedestrian and vehicular traffic so as to create a condition dangerous to the traveling public; and (2) that the noise, traffic congestion and attendant parking

problem arising and resulting from the erection and maintenance of a theatre at the proposed location would be a serious detriment to the general welfare, public health and safety of the community.

"*Seventh:* That the premises in question are located upon a wide arterial highway where an unusual situation exists by reason of a ramp adjacent to the southern portion of the property. This ramp, which is located on the highway, leads into a cross-street and is currently used for traffic both ways. The wall of the ramp extends down to Riverdale Avenue toward the subject premises from the south, while Riverdale Avenue proper runs down toward petitioner's premises from the north. This slope from the north is on a curve in Riverdale Avenue which conceals the presence of the ramp from motorists until they are within some hundred feet of it, and has been responsible for several accidents.

"*Eighth:* That the immediate vicinity adjacent to the premises is sparsely settled.

"*Ninth:* That a theatre at the subject premises would of necessity bring to its doors patronage from a large surrounding area inaccessible by any means other than motor vehicle.

"*Tenth:* That a theatre at the subject premises would cause an increase in traffic thereat.

"*Eleventh:* That a theatre at the subject premises would cause an increase in the parking of automobiles in the immediate vicinity of said premises.

"*Twelfth:* There was no proof before the respondent upon which he could conclude, that the erection and maintenance of a theatre upon said site would increase pedestrian and vehicular traffic to such an extent as to create a condition dangerous to the traveling public.

"*Thirteenth:* There was no proof before the respondent upon which he could conclude, that the erection and maintenance of a theatre upon said site would create noise, traffic congestion or any attendant parking problem

sufficient to be a detriment to the general welfare, public health and safety of the community.

"*Fourteenth:* There was no proof before the respondent that the erection and maintenance of a theatre upon said site would impair the public health, safety or morals of the community."

The decision was then returned to the Special Term and the justice there, again, denied the motion of the petitioner for a final peremptory order of mandamus, stating in his opinion, that in view of findings sixth to ninth," the action of the commissioner of licenses in refusing the petitioner a license was neither arbitrary, capricious, nor unreasonable, but on the contrary was based upon a discretion wisely exercised and completely in harmony with sound principles of public safety, convenience and welfare." Again the petitioner appealed to the Appellate Division without making a case. That court reversed the order of Special Term and granted the motion for a final order commanding the Commissioner of Licenses forthwith to grant a license. The order contained a provision at its foot that it is " made without prejudice to the right of respondent to bring up for review if otherwise timely and proper, the findings of Trial Term upon a complete record of the minutes and proceedings had upon the trial of the alternative mandamus order." It is that order from which the Commissioner of Licenses now appeals.

We have said that " in considering the power to issue a mandamus order for license, permit or consent, the courts must take into consideration the limits of the discretion which under the statute or ordinance is vested in the administrative body. Refusal to grant a permit must be considered arbitrary where based solely upon grounds which under the statute the administrative body may not consider." (*Matter of Larkin Co.* v. *Schwab, supra,* p. 335.) In this case the Code of Ordinances of the City of New York (Ch. 3, art. 2, § 33) grants to the Commissioner

power to " pass upon the location of the theatre and upon the character of the applicant for the license without delay." Here is no delegation of legislative power with plenary discretion to determine whether or not to grant or deny to an applicant a favor. The Commissioner's functions are purely administrative. He must " pass " upon certain matters and grant or refuse a license in accordance with his findings. The considerations which may guide his decision are not enumerated or defined in express terms but are clearly implied when the ordinance is read in the light of its history and purpose. The " location " of the premises and the " character " of the applicant are relevant factors in determining whether the grant of a license might impair the public health, safety or morals of the community. Unless evidence is presented which would justify refusal upon such grounds the applicant is entitled as of right to a license. (*People ex rel. Empire City Trotting Club* v. *State Racing Comm.*, 190 N. Y. 31; *Matter of Ormsby* v. *Bell,* 218 N. Y. 212.)

Whether the administrative discretion vested in the Commissioner is so broad that it would justify a refusal to grant a license when proof is presented that a theatre at the proposed location would dangerously increase traffic and render traffic control difficult, is not a question upon which we can pass on this appeal. The findings of the trial judge numbered twelfth to fourteenth if sustained by the evidence establish that there was no such proof or indeed proof which on any possible ground would justify a refusal of a license. True, the findings numbered sixth to eleventh might suggest that the trial judge may perhaps have erred in finding that there was no such proof; but these earlier findings are only as to evidentiary facts, and the force of such evidentiary facts can be measured only in connection with other evidence not made part of the record which was before the justice at Special Term or the Appellate Division. The findings of evidentiary facts are not necessarily inconsistent with the findings of

ultimate facts, and the findings of ultimate fact that there was no proof justifying refusal of a license on any ground which the Commissioner might consider were binding upon the justice at Special Term and they established as matter of law that the refusal of a license was arbitrary.

The question remains whether upon these findings the justice at Special Term could in the exercise of a judicial discretion withhold from the applicant the remedy of mandamus for the wrong suffered by arbitrary refusal of the license. We have said that " a mandamus order may issue only for the enforcement of a clear legal right; and even after such right has been established, the court must determine whether, in the exercise of a sound discretion, it should grant or withhold the order. Denial of an application for the order constitutes an abuse of discretion, as matter of law, in those rare cases, only, where the circumstances leave no possible scope for the reasonable exercise of discretion in such manner." (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464, 469.) Nevertheless we agree with the Appellate Division that upon the findings this is one of such " rare cases "— and, like the justice at Special Term, we may, upon the record before us, base decision only upon these findings. The rule that the courts may not overrule the exercise of the discretion vested in the licensing officer is not to be weakened; but here, as we have said, the findings establish that the Commissioner acted arbitrarily and no substantial ground is suggested by the appellant upon which the discretion of the court could reasonably be invoked to withhold the only remedy open to the respondent for the wrong he has apparently suffered.

We say " apparently " suffered, since we are unable to review the findings of fact of the trial judge. The power of the Appellate Division, upon the record here presented, to reverse the order of Special Term is clear.

The power of the Appellate Division to direct a final order is open to serious doubt. The Commissioner of Licenses cannot be deprived of the right, at some stage, to an opportunity to bring up for review the findings of fact made by the trial justice, and exceptions to the rulings at the trial. No final order or judgment may be granted which would deprive a litigant of that right. So we decided in *Madison County Trust & Deposit Co.* v. *Smith* (259 N. Y. 348), and the question now presented is whether the final order has that effect.

The only possible ground for distinction between this case and the cited case is that here the Appellate Division granted a final order in a mandamus proceeding, while in the cited case the Appellate Division granted a final judgment in an action. We are told that a person aggrieved by a decision or verdict after a trial of issues of fact under an alternative order of mandamus, must appeal from the decision or verdict or from the order denying a motion to set aside the decision or verdict, if he desires a review of the findings or of the rulings at the trial. We find no basis for the distinction suggested and no authority for the petitioner's contention. Proceedings after issue is joined under an alternative order are " the same, in all respects, as in an action" (Civ. Prac. Act, former § 1332), and " each provision of law relating to an appeal from a judgment, either to the appellate division or to the court of appeals, is applicable " to the appeal which we are considering. (Civ. Prac. Act, § 1337, repealed L. 1937, ch. 526.) If the petitioner had made a " case " upon his appeal to the Appellate Division, that court could have reviewed the rulings and findings of the trial court. (*People ex rel. Boyd* v. *Hertle*, 46 App. Div. 505; *People ex rel. Wieland* v. *Knox*, 78 App. Div. 344.) Failure to make a case cannot deprive the adverse party of a right to such review.

Upon the reversal of the order of Special Term the Appellate Division had the choice either to grant a new

trial (*Madison County Trust & Deposit Co.* v. *Smith, supra*) or to order a reargument upon a complete record. (Cf. *Horton* v. *Pennsylvania Exchange Bank*, 219 App. Div. 743; *Matter of Jaquino Realty Corp.* v. *Ormond*, 215 App. Div. 712.) The Commissioner of Licenses moved for such a reargument, but his motion was denied. He has appealed from the order denying his motion. No such appeal lies as of right from such an order, and we must grant the respondent's motion to dismiss the appeal from that order. He must, however, be given opportunity in some manner to bring up for review the decision of the justice at Trial Term upon the issues of fact where a final order is made. For that reason the order of the Appellate Division should be reversed, without costs, and the matter remitted to the Appellate Division to enable it to exercise its discretion as to whether it should reverse the order of Special Term and grant a new trial, or should order a reargument upon a complete record.

On appeal No. 1, the order of the Appellate Division should be reversed and the matter remitted to the Appellate Division to proceed in accordance with this opinion, without costs.

On appeal No. 2, the appeal from the order denying the motion for reargument should be dismissed.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.