■ In the Matter of CHARLES J. GREENBERG, Respondent, against JOHN F. MAHONEY, as Commissioner of the Department of Health of the City of New York, et al., Appellants.— Appeal by the commissioner of health and the board of health of the City of New York from an order annulling the determination of said board which affirmed said commissioner's denial of respondent's appli-

cation for a permit to operate an X-ray laboratory. Order reversed, on the law, with $10 costs and disbursements, proceeding dismissed and determination of the board reinstated and confirmed. The regulations promulgated by the appellant board under section 107 of the Sanitary Code of the City of New York require that a licensed X-ray "laboratory shall at all times be in charge of the person to whom the permit was issued" (reg. 2) and that the permit "is not valid for use by any other person" than the one to whom it was issued (reg. 5). The laboratory in question was in operation without a permit during the pendency of respondent's application for one, and such operation was not interfered with, in accordance with a so-called custom of appellants where the applicant for the permit is a physician. Respondent admitted, upon hearings conducted in connection with the application, that a certain other person connected in some way with the owners of the laboratory was the one who paid respondent his salary, and that that person "manages the laboratory" and "directs the management of the laboratory", and that still another person supervises the laboratory and, further, that still another person does so in the latter's absence. The evidence in the record, particularly these admissions, constituted substantial evidence in support of the finding of the appellant board that the managing agent of the owner of the laboratory was the certain other person first above mentioned, or, in effect, that respondent was not the person who at all times would be in charge of the laboratory. Respondent failed to establish as a matter of law that no valid ground existed for the denial of his application and, therefore, the Special Term was without power to annul the determination. (*Matter of Small* v. *Moss*, 277 N. Y. 501; *Matter of Elite Dairy Prods.* v. *Ten Eyck*, 271 N. Y. 488, 493.) Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.