■ Morris E. Richardson, Doing Business as Latta Road Nursing Home, and Latta Road Nursing Home "A" et al., Respondents, v Robert P. Whalen, Individually and as Commissioner of Health of the State of New York, et al., Appellants.—Judgment unanimously modified and, as modified, affirmed, with costs to petitioners. Memorandum: Special Term correctly held that it was arbitrary and capricious and an abuse of discretion for appellants to refuse to renew the operating certificates for Latta Road Nursing Home and Latta Road Nursing Home "A" as two separate 40-bed freestanding facilities and to insist upon issuing in lieu of the two certificates one operating certificate for an 80-bed facility. Appellants contend that consolidation of the two units into one in order to compel compliance with the Administrative Rules and Regulations of the Department of Health (10 NYCRR 713.1 [a] [2]) requiring a minimum of 60 beds in a freestanding nursing home was a proper exercise of discretion. The record establishes that final approval on January 30, 1969 of the first separate 40-bed facility was with the understanding that petitioner Richardson would not be required to add beds to that facility to bring it into compliance with the Department of Health regulation provided that the 40-bed unit proved financially and medically sound. Subsequently a 40-bed facility was approved on April 7, 1975. It appears from the record that the first unit was economically feasible and highly regarded by the physicians whose patients were placed there. There is no evidence to the contrary and there was no basis in the record for the determination that petitioner Richardson had not fully met the conditions attached to respondents' January 30, 1969 approval of the 40-bed facility. The two 40-bed nursing homes must be deemed to have been exempted from the 60-bed minimum requirement. Special Term's

decision insofar as it declared null and void the determination of appellants to issue a single 80-bed operating certificate for petitioner Richardson's nursing homes and directed the issuance of operating certificates for two 40-bed nursing homes should therefore be affirmed (see *Matter of Small v Moss,* 277 NY 501; *Matter of Maytum v Nelson,* 53 AD2d 221). The second ordering paragraph of Special Term declaring that the procedures of respondent with respect to the issuance of licenses were unconstitutional is unnecessary to the determination herein and is without warrant in the record. The fourth ordering paragraph restraining respondents pending an administrative hearing is moot inasmuch as no hearing has been directed. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.