■ In the Matter of BROWNING-FERRIS INDUSTRIES OF NEW YORK, INC., Appellant, v JOHN DANAHY et al., Constituting the Sanitation Commission of the Town of Clarkstown, et al., Respondents. [620 NYS2d 1004] —In a proceeding pursuant to CPLR article 78 to review a determination of the Sanitation Commission of the Town of Clarkstown dated June 4, 1992, denying the petitioner's application for a license to operate a solid waste collection business, the appeal is from a judgment of the Supreme Court, Rockland County (Pirro, J.), entered December 2, 1992, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner sought a license to operate a solid waste collection business in the Town of Clarkstown. The Sanitation Commission of the Town of Clarkstown (hereinafter the Sanitation Commission) denied the application after investigation and a public hearing, during which evidence was adduced that the petitioner's parent company, which solely controlled the petitioner's operations, had violated local and Federal regulations concerning waste collection in numerous States across the Nation. On appeal the petitioner argues that the determination of the Sanitation Commission was arbitrary and capricious and an abuse of the discretion conferred upon it by Town of Clarkstown Code § 149-10 (formerly § 50-10).

The petitioner failed to rebut the evidence adduced at the public hearing, and therefore it did not establish "a clear legal right to [the] license" (Matter of Small v Moss, 277 NY 501, 507). The Town Code of the Town of Clarkstown vests the Sanitation Commission with a measure of discretion in determining an applicant's eligibility for a license (see, Town of Clarkstown Code § 149-10 [formerly § 50-10]). In this case, we find that the decision of the Sanitation Commission was not arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222). Rosenblatt, J. P., Miller, Santucci and Florio, JJ., concur.