(91 Misc. Rep. 276)

PEOPLE ex rel. KLINGER v. RAND, Mayor.

(Supreme Court, Special Term, Niagara County. July 3, 1915.)

1. THEATERS AND SHOWS ⊚⟝2—LICENSES—POWER OF MAYOR.

The power of the mayor of a municipality to license moving picture shows involves a discretionary power to regulate.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 2; Dec. Dig. ⊚⟝2.]

2. SUNDAY ⊚⟝6—MOVING PICTURES—SUNDAY CLOSING.

The general law of the state of New York does not prohibit an indoor exhibition of moving pictures on Sunday.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 11, 12; Dec. Dig. ⊚⟝6.]

3. THEATERS AND SHOWS ⊚⟝2—SUNDAY CLOSING.

The Legislature is the sole judge of the acts that should be prohibited on Sunday, and in the absence of legislative prohibition, or express legislative authority, the mayor cannot compel the Sunday closing of moving picture theaters as a condition to licensing such theaters.

[Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 2; Dec. Dig. ⊚⟝2.]

Application by the People of the State of New York, on the relation of Henry Klinger, for a writ of mandamus against Benjamin L. Rand, Mayor, etc., of the City of North Tonawanda. Writ issued.

Albert R. Smith, of Tonawanda, for relator.

A. F. Premus, of Tonawanda, opposed.

POUND, J. The mayor, who is vested with the power to license shows, refuses to issue a license to relator, except on condition that he will not open his moving picture theater on Sunday. The question is whether he may lawfully impress upon relator his views on the Sunday closing of moving picture theaters.

[1, 2] The power to license involves the right to regulate—is discretionary, and not mandatory. The mayor, as conservator of the public welfare, should refuse a license where the opening of a theater would, in his judgment, work to the detriment of the community. He may grant licenses, conditional, among other things, upon reasonable hours of opening. But his power is not absolute. He must not act arbitrarily or capriciously, and, if his action is tyrannical or unreasonable, the relator has a remedy through mandamus. People ex rel. Lodes v. Dept. of Health, 189 N. Y. 187, at page 194, 82 N. E. 187, 13 L. R. A. (N. S.) 894. It was held in the year 1908 in People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690, after conflicting decisions at Special Term (United Vaudeville Co. v. Zeller, 58 Misc. Rep. 16, 108 N. Y. Supp. 789), that the general law of the state does not prohibit an indoor exhibition of moving pictures on Sunday.

[3] Seven years of inaction by the Legislature since this decision

was rendered suggests an acceptance of the ruling by a majority of the people, or of their representatives. Among earthly powers, "the Legislature alone may command how Sunday may be kept." Putnam, J., in People ex rel. Kieley v. Lent, 166 App. Div. 550, 152 N. Y. Supp. 18, affirmed 215 N. Y. ——, 109 N. E. ——. "It is the sole judge of acts proper to be prohibited." Neuendorff v. Duryea, 69 N. Y. 557, 25 Am. Rep. 235. "As to the acts which should be prohibited, as disturbances, or profanations, of the Sabbath Day, the Legislature is the sole judge." People v. Dunford, 207 N. Y. 17, at page 20, 100 N. E. 433. So it has been held that a city ordinance prohibiting Sunday opening under penalty of fine and imprisonment is void. People ex rel. Kieley v. Lent, supra.

In a legal sense it therefore must be deemed "tyrannical" and a usurpation of power, and not "discretionary," for the mayor to refuse his permission to relator to open his moving picture theater at reasonable hours on Sunday, for the mayor thus makes a Sunday law unto himself, and seeks to impress it upon the community in hostility to the general law of the state and judges that of which the Legislature is the sole judge.

Motion for writ granted, with $10 costs.