In the Matter of the Petition of JOSEPH PICONE, Appellant, against the COMMISSIONER OF LICENSES OF THE. CITY OF NEW YORK, Respondent.

**New York city — licenses — junkmen — mandamus — licensing officer may not arbitrarily impose limitations, not contained in statute, upon right to do business — application for junk boat license — refusal to issue license to fit person for reasons not contemplated by statute an abuse of discretion — remedy through mandamus.**

1. If an applicant for a license can show that he is a fit and proper person to engage in a licensed business under the provisions of the licensing statute, the licensing officer may not arbitrarily impose limitations not contained in the statute upon his right to do business, and he has a remedy through mandamus to right any wrong which he may suffer.

2. Where, pursuant to section 51 of the charter of the city of New York (L. 1901, ch. 466), authorizing the board of aldermen to provide for licensing and regulating the business of junk dealers, an ordinance has been adopted defining a " junk boatman " as a junk dealer and his place of business as a junk shop and requiring that junk dealers be licensed to engage in business, but nothing therein contemplates that no one shall operate a junk boat other than one who has a junk shop license, nor is there anything therein to justify a limitation of the number of such licensed dealers, the refusal of the commissioner of licenses to issue a junk boat license to a fit and proper person, solely on the grounds that the applicant had no junk shop license and that there was no room for further applicants for junk boat licenses, was an abuse of discretion and a peremptory order of mandamus will issue to compel the issuance of such a license.

*Matter of Picone* v. *Comr. of Licenses*, 214 App. Div. 724, reversed.

(Submitted October 7, 1925; decided October 20, 1925.)

APPEAL from an order of the ·Appellate Division of the Supreme Court in the second judicial department, entered May 15, 1925, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus to compel the commissioner of licenses of the city of New York to issue to the petitioner a junk boat license.

*James P. Kohler* for appellant. The commissioner acted arbitrarily and without power in refusing the petitioner a license. (*People* v. *Robinson,* 126 N. Y. Supp. 546; *People ex rel. Lodes* v. *Dept. of Health,* 117 App. Div. 856; *Athletic Club* v. *Wurster,* 19 Misc. Rep. 443.)

*George P. Nicholson, Corporation Counsel* (*Charles J. Druhan* and *William R. Wilson* of counsel), for respondent. The commissioner of licenses acting in the interest of the public, has the power to grant or refuse junk boat licenses. (*People ex rel. Lodes* v. *Bd. of Health,* 189 N. Y. 187; *McKenzie* v. *McClellan,* 62 Misc. Rep. 342; *City of New York* v. *Vandewater,* 113 App. Div. 456; *Rosenthal* v. *N. Y.,* 226 U. S. 260; *People* v. *Rosenthal,* 197 N. Y. 394; *People ex rel. Schwab* v. *Grant,* 126 N. Y. 473; *Yellow Taxicab Co.* v. *Gaynor,* 82 Misc. Rep. 94; 159 App. Div. 893; *People ex rel. Wood* v. *Board of Assessors, etc.,* 137 N. Y. 202; *People ex rel. McMackin* v. *Board of Police,* 107 N. Y. 235; *People ex rel. Conners* v. *Bd. of Education,* 197 App. Div. 5.)

POUND, J. The board of aldermen of the city of New York has power to provide for licensing and otherwise regulating the business of junk dealers. (Charter, § 51.) The Code of Ordinances of the city of New York ordained by the board of aldermen provides that junk dealers must be licensed in order to engage in the business (Ch. 14, art. 1, § 1), and that all applications for licenses shall be made to the commissioner of licenses in such form and detail as he shall prescribe. (§ 3.) Article 9, chapter 14, regulates the licensing of junk dealers generally. Culling out the provisions relating to junk boatmen, we find that section 120 defines junkman, junk shop, junk cartman and junk boatman. A junk boatman is defined as a junk dealer and his place of business a junk shop. Section 121 provides that any vessel in the waters of the

city used *for the purpose of collecting or selling junk* shall be deemed a junk boat and the owner thereof a junk dealer, and further provides that in case of a junk boat there shall be but one person on the boat. Section 121 provides that every junk dealer shall pay an annual fee of $20 and that a junk dealer operating a junk boat shall furnish a bond, with sufficient surety approved by the commissioner of licenses, in the sum of $1,000 conditioned for the due observance of all provisions of law and municipal ordinances relating to such dealers. Section 122 provides that no junk boatman shall carry on business at any other place than the one designated in the license therefor, which place of business shall be within the limits of the city of New York; that no junk boatman shall knowingly purchase anything from a minor, apprentice or servant or from any person between the hours of six P. M. and seven A. M.; that with certain exceptions no junk shall be sold or disposed of by a junk boatman until the expiration of forty-eight hours after the purchase or receipt thereof; that licensed second hand dealers shall not deal in junk or employ or use a boat for the purpose of collecting junk; that no licensed junk boatman shall be licensed as a pawnbroker or dealer in second hand articles or shall purchase or sell any new goods.

Section 123 requires junk boatmen to keep at their place of business a record of purchases. If the purchase consists of articles from a scow, coal boat, lighter, tug or other vessel, the record shall contain the name of the vessel and the name and residence of the owner thereof.

Section 124 provides for a report of purchases to the police commissioner on notice. Section 125 requires the junk dealer to notify the police as to lost or stolen goods coming into his possession. Section 126 provides for a fine of not more than $200 or imprisonment not exceeding sixty days, or both fine and imprisonment for any violation of these provisions.

Appellant, who had been for some years a junk boat-

man, applied for a junk boat license to buy and sell junk in the harbor of the city of New York for the year beginning November 1, 1924. His application was refused solely for the reasons (1) that relator had no junk shop license, *i. e.,* a license in addition to and as distinguished from a junk boat license; (2) that there was no room for further applicants for junk boat licenses. He thereupon applied for an order of peremptory mandamus, alleging in his moving papers along with some wholly unnecessary and undignified comments on the methods of the city administration, in substance that the action of the commissioner of licenses was arbitrary, tyrannical and unreasonable in that the ordinance vested in him no discretion arbitrarily to limit the number of junk boat licenses or to limit such licenses to those who had other junk shop licenses. The result of this ruling would be to exclude from the business of junk dealer one who sought only the privilege of collecting or selling junk in the harbor of the city of New York by means of a boat, should he apply for a license after the commissioner had granted as many junk boat licenses as he deemed proper.

The commissioner defends his action as a proper exercise of discretion. He alleges that complaints had been made as to thefts committed by licensed junk boats from vessels in the harbor; that various maritime organizations had demanded that all such licenses be revoked; that more than one hundred such licenses had been granted; that he is not satisfied that it is not a mistake to grant such licenses; that appellant's application was, therefore, denied by him.

The application for a peremptory order of mandamus was denied by the Special Term and its order was affirmed by a divided court by the Appellate Division. The question of law is presented by the record whether a fit and proper applicant may be denied a junk boat license for the reasons given. If not, he has a remedy through mandamus to right the wrong which he has suffered.

(*People ex rel. Lodes* v. *Dept. of Health of N. Y. City,*
189 N. Y. 187, 194. See *People ex rel. Klinger* v. *Rand,*
91 Misc. 276.) If an applicant for a license can show
that he is a fit and proper person to engage in a licensed
business under the provisions of the licensing statute the
licensing officer may not arbitrarily impose limitations
not contained in the statute upon his right to do business.

The first question is whether under the terms of the
ordinance a junk boat license may be issued only to
one already duly licensed as a junk dealer. The ordinance
plainly provides that a junk boatman shall be deemed
a junk dealer and his place of business a junk shop;
that any vessel in the waters of the city used for the
purpose of collecting or selling junk shall be deemed a
junk boat and the owner thereof a junk dealer who may
have a license. The classification includes under the
head of junk shops, not only junk shops with a fixed
place of business but also junk carts and junk boats
operated by one man. The place of business of a junk
boatman is his junk boat in New York harbor. No
other requirement as to a place of business is contained
in the ordinance. It does not contemplate that no one
shall operate a junk cart or a junk boat other than one
who has a junk shop license and desires to operate a
junk cart or a junk boat in connection therewith. Such
a requirement would impose a hardship upon the indi-
vidual who desired only to collect or sell junk from a
cart or boat. Such restriction may be reasonable in
view of the general character of the junk business but
it is for the board of aldermen and not for the commis-
sioner of licenses to impose it.

So, also, as to the arbitrary limitation of the number
of junk boat licenses. As the State, prior to national
prohibition, found it expedient to enact legislation to
limit the number of saloons to a given ratio to the popu-
lation of a city, so it may be that the inherent nature

of the junk business may be found to be so intimately related to crime as to justify a limitation of the number of licensed dealers. The objection to such limitation is its monopolistic character whereby persons fit and worthy to carry on the business, and engaged in carrying it on without complaint having been made against them, may be deprived of the means of earning an honest livelihood. If the commissioner could limit the number of junk boat licenses to one hundred we see no reason why he might not adopt the policy suggested by him that no licenses whatever should be granted and defend his action by asserting that he is convinced that the licensed junk boatman as such is an enemy to society and a menace to property in the harbor. The same reasoning might extend to junk shops generally and we would then have prohibition rather than the strict regulation of the business which has been imposed by ordinance. Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be.

As the commissioner does not deny that petitioner is a fit and proper person to operate a junk boat, it follows that his action in refusing a license to the appellant was, however well intentioned, in a legal sense an abuse of discretion.

The orders should be reversed, with costs in all courts, and an order of peremptory mandamus granted, with fifty dollars costs.

CARDOZO, MCLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., CRANE and LEHMAN, JJ., dissent on ground that statute requires a place of business other than the junk boat and which is not shown to be possessed by petitioner.

Orders reversed, etc.