MORELITE SERVICE STATIONS, INC., et al., Appellants, *v.* ALBERT GOLDMAN, as Commissioner of Plant and Structures of the City of New York, et al., Respondents.

(Argued December 14, 1932; decided January 17, 1933.)

*John Holley Clark, Jr.,* for appellants. There is no obstacle in law to the establishment of street easements over land taken for the purpose of erecting a bridge. (*Matter of City of New York,* 174 N. Y. 26; *Matter of Clinton Street Police Station,* 123 N. Y. Supp. 198; *Matter of Hoyt,* 162 App. Div. 469; 213 N. Y. 651; *Matter of Corporation Counsel,* 186 App. Div. 669.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly, Willard S. Allen* and *Thomas W. A. Crowe* of counsel), for respondents. The plaintiffs have no street rights in or over New street. (*United States* v. *Bain,* 3 Hughes, 593; *People* v. *Kingman,* 24 N. Y. 559; *Matter of Jaquino Realty Corp.* v. *Ormond,* 217 App. Div. 76; 247 N. Y. 528; *County of Erie* v. *Fridenberg,* 221 N. Y. 389; *People ex rel. City of New York* v. *Lyon,* 114 App. Div. 583; 186 N. Y. 545; *Matter of City of New York [Putnam Ave. West],* 108 Misc. Rep. 427; *Matter of Lafayette Avenue,* 147 N. Y. Supp. 839; *Lehigh Valley R. R. Co.* v. *Canal Board,* 204 N. Y. 471; *Carbonelli* v. *City of Amsterdam,* 197 App. Div. 848; *Edwards* v. *Ford,* 22 App. Div. 277; *Matter of Freeholders of Irondequoit,* 68 N. Y. 376; *Kolacki* v. *State of New York,* 136 Misc. Rep. 239; *Schell* v. *Town of German Flatts,* 123 App. Div. 197; *People ex rel. City of New York* v. *Sandrock R. Co.,* 149 App. Div. 651; 207 N. Y. 771.)

O'BRIEN, J. Pursuant to authority conferred by chapter 652 of the Laws of 1899 land on the Brooklyn shore of the East river was taken by the city of New York as an

approach to the bridge now known as the Williamsburg
Bridge. As part of that condemnation proceeding in
1901, title to a strip, since denominated " New street "
between Broadway and South Fourth street and bisected
by South Fifth street, was acquired. The improvement
included the acquisition of land for the widening of
South Fifth street as well as the land for laying out New
street. In condemning this strip as a passage toward
the bridge and its structural approach, parts of two lots
fronting the south side of old Fifth street and having
access thereon were directly taken. As a result, two small
fragments of these lots were left. One of these remnants
is ten feet deep and now has a frontage of four feet eight
and one-half inches on the west side of the thoroughfare
designated as New street. The dimensions of the other,
wholly interior and without frontage on any traveled
way, are four feet by twenty feet and it adjoins the first
one. Separately, each possessed no value. In 1928
plaintiff Morelite Service Stations, Inc., purchased these
parcels and thus consolidated them in one ownership.
After obtaining permits from the municipal Bureau of
Buildings, it erected tanks and an office for a gasoline serv-
ice station. Later, the plaintiff Zolinsky, as lessee of the
property, obtained a permit from the fire department for
the storage of gasoline on the premises and started to
service automobiles with gasoline by means of portable
tanks wheeled from these premises to the curb of the
roadway. Thereafter defendant Goldman, as Com-
missioner of Plant and Structures, caused a fence to be
erected across the front of these premises which prevents
entrance and exit.

In this action for an injunction the Special Term
decreed, among other things, that plaintiffs have the rights
of abutting owners of light, air and access to New street,
are entitled to transport gasoline in tanks across the side-
walk to automobiles at the curb and that defendant
demolish the fence and be restrained from re-erecting it

or a similar obstruction. It made a conclusion of law that the acts of the officials of the city since 1898 have fixed the status of New street as a public street and a finding of fact that since 1903 it has been a public street. It drew also a conclusion of law and it decreed in its judgment that since 1904 New street has been a public highway. These findings and conclusions as well as the judgment were reversed and the complaint dismissed. Both the Special Term and the Appellate Division have made the conclusion of law that the title to New street vesting in the city is one of fee simple absolute for bridge purposes and have found as a fact that this territory is under the exclusive management and control of defendant Commissioner of Plant and Structures. The correctness of this conclusion and finding is not open to doubt.

That this thoroughfare, generically, is a highway cannot be successfully disputed. It is public in character and all who travel to or from the Williamsburg Bridge possess a right of passage over it. In that broad sense its nature does not essentially differ from a mountain trail, a railroad or a city street. (*Sun P. & P. Assn.* v. *Mayor*, 152 N. Y. 257, 265.) Although it bears all the physical resemblance to a street, its status in a specific legal sense may be radically dissimilar. Many elements, among them the purpose of its acquisition, the nature of the municipal title, the power and the identity of the official vested with administration over it, the residue of interest lingering in the title of the abutting owner, all these factors may tend to mark a divergence from the legal condition of a street. This land, notwithstanding its inclusion in the nomenclature of streets and its physical appearance, was not acquired for street purposes, nor was it laid out as such. It has never been under the control of those municipal officers who have the management of streets. It does not appear upon the map or plan of the city as a street. Neither the Commissioner of Bridges nor his successor, the Commissioner of Plant and

Structures, possessed authority, even if there were any evidence of an intention by them, to fix the status of this passageway as that of a street. Always, since its acquisition for bridge purposes, it has constituted bridge property and nothing else. Plaintiffs have not shown that such easements of light, air or access as usually inhere in the title of abutting owners on a street attach to these plaintiffs. The lots of which these remnants formed untaken parts never had access to any street except South Fifth street. Until after the taking of parts of these lots, New street did not exist.

The administration of defendant Commissioner of Plant and Structures must be reasonable and such as not to discriminate against the owner of any particular property. (*Matter of Picone* v. *Comr. of Licenses*, 241 N. Y. 157.) If an abuse of discretion, according to its legal meaning, has been committed in granting or withholding relief, this court, in an action for an injunction where the Appellate Division has reversed findings of fact and made new ones, can make correction. (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22.) During the time that New street has existed as a bridge highway, all abutting owners, even if they be deemed to possess no conventional easements of access, have been allowed without interference to pass to and from their premises for such lawful purposes as, in the reasonable discretion of the Commissioner of Plant and Structures, do not intrude upon the uses of this land as a traffic lane to the bridge. To deny all ingress and egress to and from a particular parcel for any purpose, even such as may meet the approval of the official in control, and to allow such privileges to all others, conflicts, we think, with that reasonable and impartial management and control which a public official is bound by law to administer. The erection of the fence across this one piece of property is, therefore, in excess of the Commissioner's powers.

While plaintiffs are entitled to the removal of the fence,

they may not, against the Commissioner's judgment, obstruct the sidewalk and cause congestion of traffic at the curb. If the Commissioner, in the exercise of reasonable discretion, entertains the opinion that plaintiffs' acts in supplying automobiles with gasoline at this location block or impede the use of this passage to the bridge, he is authorized to employ reasonable methods for the prevention of the practice. If these acts constitute a nuisance, he may cause it to be abated. He is empowered to remove plaintiffs' portable tanks and their connections from the sidewalk and roadway.

The judgment should be modified in accordance with this opinion and as so modified affirmed, without costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.