In the Matter of ANNIBOLE CORRO, Petitioner, against PAUL Moss, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, New York County, May 9, 1945.

*Paul J. Maro* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *S. L. Cooperman* of counsel), for respondent.

PECK, J. This is a motion to annul a revocation of petitioner's license as a barber and to compel respondent, the Commissioner of Licenses, to reinstate petitioner's license. Petitioner has been a barber in this city for many years. He made application for a license, when licenses were first required, answering in the negative a question as to whether he had ever been convicted of a crime. His application was dated and acknowledged January 8, 1942, although, apparently because he misunderstood when the application was to be filed, it was not filed until October, 1942. In August, 1941, petitioner had been convicted of the misdemeanor of possessing policy slips and received a suspended sentence. He was twice convicted for possessing policy slips on September 11, 1942, and fined $25 on each charge. He had been granted a license on the strength of his inaccurate application in February, 1943, but when the commissioner learned of the inaccuracy in September, 1943, he revoked petitioner's license.

Petitioner neither reads nor writes English. His application for a license was filled out for him by another. Petitioner claims that the question about convictions was not read to him. At the time the application was filled out and signed, petitioner's sole conviction was one on which he had received a suspended sentence. While two other convictions occurred before the application was filed, it is unlikely that petitioner had them or the questionnaire in mind when he simply filed an application which had been filled out nine months before.

The Administrative Code of the City of New York (L. 1937, ch. 929) provides that a license shall not be issued unless the Department of Health shall certify that the licensee has not been guilty of violating the Sanitary Code or other regulations relating to health measures and the Police Department shall certify that the licensee has not been found guilty of committing a felony (§ B32–233.0, subd. c, as added by Local Laws, 1941, No. 90; amd. by Local Laws, 1942, No. 13). The Administrative Code also empowers the respondent to revoke licenses, but does not specify the standards for his judgment in such action (§ 773a–7.0, subd. a). It has been held, however, by relating the two above-mentioned provisions of the code, that the respondent is empowered to revoke a license upon a conviction of a felony or misdemeanor involving infraction of health or sanitary laws, but may not revoke a license because of convictions for possessing policy slips. (*Dieli* v. *Moss*, N. Y. L. J., July 22, 1944, p. 140, col. 7, affd. *sub nom.* *Matter of Dieli* v. *Moss*, 268 App. Div. 902.)

It has also been held, as a corollary, that respondent may not revoke a license for failure to disclose a policy conviction in an application for a license, because the fact if disclosed would not be ground for refusing a license. (*Matter of Farber* v. *Moss,* N. Y. L. J., Feb. 9, 1945, p. 545, col. 1.)

On the other hand, it has been held that respondent may revoke a license for failing to disclose three convictions in his application. (*Arroyo* v. *Moss,* N. Y. L. J., April 12, 1945, p. 1387, col. 5.)

The record of the hearing before the commissioner and the commissioner's affidavit on this motion indicate that the revocation of petitioner's license was prompted more by petitioner's illegal activities than by the misstatement in his application. That is understandable because the convictions were definite and certain while the facts warrant allowance for his misstatement. If the facts and circumstances of the misstatement justified the conclusion that petitioner had practiced a deliberate fraud upon the commissioner, as in the *Arroyo* case (*supra*) the court would uphold the commissioner's ruling, even though the convictions concealed were only policy convictions. On the other hand, the court cannot see that petitioner's misstatement here amounted to fraud, and does not understand that the commissioner found that it did, but rather that the commissioner based his judgment on his moral opinion of petitioner because of his policy convictions.

The court does not take policy convictions lightly, but punishment must fit the crime. The law evaluates a policy conviction and the Magistrate's Court exacts the law's penalty. The law does not provide that for a policy conviction a man should be deprived from earning a livelihood at his trade. The commissioner is entrusted with a certain measure of control over barbers, to the end that they shall be fit, morally as well as professionally, to ply their trade, but his judgment must be responsible to that purpose, and he is not authorized to refuse or revoke a license on a moral appraisal which is not relevant to the conduct of the business licensed.

The commissioner's action here cannot really be termed arbitrary, but considering the years which petitioner has devoted to his trade, apparently without complaint as to his conduct of it, his excuse for not accurately answering the questionnaire, and the harsh consequence of denying him a license, depriving him of his trade, the revocation of his license does not seem warranted. Accordingly, the motion is granted.