In the Matter of HOOD RESTAURANT, INC., Doing Business under the Name of CLUB DOWNBEAT, Petitioner, against ARTHUR W. WALLANDER, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, December 7, 1945.

*Bernard Austin* and *Rubin Breadbar* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Irving Koufax* of counsel), for respondent.

WALTER, J. The operator of a cabaret here seeks to review and annul a determination by the Police Commissioner by which it was deprived of its license to operate such cabaret.

The first question to be determined is whether the case should be heard at Special Term or immediately transferred to the Appellate Division for disposition by it; and that depends upon whether the determination under review was made " as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction " (Civ. Prac. Act, § 1296, subd. 5). There was a hearing at which evidence was taken; but if such hearing was had merely as a matter of grace or favor as distinguished from " pursuant to statutory direction ", transfer is not to be ordered (Civ. Prac. Act, § 1296; *Matter of Brenner* v. *Bruckman,* 253 App. Div. 607, appeal dismissed 278 N. Y. 503; *Matter of Doherty* v. *McElligott,* 258 App. Div. 257; *Matter of Sacharoff* v. *Murphy,* 182 Misc. 235, affd. 268 App. Div. 765, revd. on other grounds *sub nom. Matter of Sacharoff* v. *Corsi,* 294 N. Y. 305).

Section 436 of the New York City Charter (1938), which is contained in the chapter thereof relating to the Police Department, provides as follows: " The commissioner shall in his discretion issue, revoke and suspend licenses for public dance halls, cabarets, hacks, taxicabs and taxi drivers, steamer and railroad runners, and make such rules and regulations for the supervision and operation of such public dance halls, cabarets, hacks, taxicabs and taxi drivers, steamer and railroad runners as are not inconsistent with any other provision of law; shall possess powers of general supervision and inspection over all licensed or unlicensed pawnbrokers, vendors, junkshop keepers, junk boatmen, cartmen, dealers in secondhand merchandise and auctioneers within the city; *and in connection with the performance of any police duties he shall have power to examine such*

*persons, their clerks and employees and their books, business premises and any articles of merchandise in their possession."* (Italics supplied.)

That provision doubtless gives the commissioner the power to hold a hearing and take evidence upon an application for a license, but it certainly does not require or direct that he do so.

Section 436–1.0 of the Administrative Code of the City of New York provides: " f. *Suspension and revocation of license.* A license may be suspended or revoked by the commissioner for any violation of law or upon the ground that disorderly, obscene or immoral conduct is permitted on the licensed premises. * * * The commissioner shall cause to be served upon such parties as he may deem to be interested therein such reasonable notice of his intention to revoke such license as he may determine to be proper. There shall be included in or attached to such notice a statement of the facts constituting the violation charged. Licensees shall be entitled to a hearing before the commissioner."

The statutes thus differentiate between the granting of a license and the suspension or revocation of a license. No hearing is required as to the granting of a license, but before a license can be revoked or suspended there must be a hearing upon a notice which sets forth the alleged violation asserted as a ground for revocation. Judicial decisions also recognize that a refusal of a license, either originally or by way of renewal, is not the same as a revocation or suspension of a license (*Matter of Rudhlan Amusement Corp.* v. *Geraghty,* 146 Misc. 308, 312; *Holly Holding Corporation* v. *Moss,* 246 App. Div. 57, 61).

The question here thus resolves itself into the inquiry whether what the commissioner did was to refuse a license or to suspend or revoke one. The facts in that regard are these: Petitioner was operating under a license which by its terms expired on September 30, 1945. It applied for a renewal and paid the required fees and obtained a receipt, the language of which is not disclosed but which was attached to the license expiring September 30, 1945, and is referred to in the papers and apparently was treated by the Police Department as a permit or temporary license. Shortly before November 1, 1945, petitioner was notified to appear before the Cabaret License Bureau of the Police Department for a hearing. That notice is not produced but it is described as a notice to appear in connection with a hearing to be held on the suspension or revocation of such temporary permit. A hearing was had, and in the answering

affidavit herein it is stated that the testimony then adduced established to respondent's satisfaction that petitioner's cabaret was a " hang-out " of persons engaged in peddling and using the narcotic drug known as marihuana and that sales of such drug took place in petitioner's premises and that persons under the influence thereof frequented petitioner's premises. No ruling or decision stating that or any other conclusion was announced by the Commissioner, but about 3:00 A.M. of November 4, 1945, police officers entered petitioner's premises and took away the license which had expired on September 30, 1945, and the attached receipt for the fee for a renewal thereof; and in his answering affidavit respondent refers to that act as a revocation of petitioner's temporary permit for a period of one week.

I think the commissioner's act in sending officers into petitioner's premises at three o'clock in the morning and physically taking away the expired license and the receipt for renewal was absurd and ridiculous and utterly indefensible if what he intended was merely to suspend petitioner's license for one week; but I nevertheless cannot disregard the commissioner's sworn statement that that is what he intended. I am thus forced to conclude that what respondent did was to suspend a license; that his determination thus was made as a result of a hearing held, and at which evidence was taken, pursuant to statutory direction, and that this proceeding accordingly must be transferred to the Appellate Division. It is so ordered.