Carroll G. Walter, J.
Section B32-127.0 of the Administrative Code of the City of New York makes it unlawful for any person to act as a dealer in second-hand articles without a license therefor.
The Commissioner of Licenses of the city has charge and. control of issuing, transferring, renewing, revoking, suspending and canceling such licenses (New York City Charter, § 773).
Applications therefor must be made to him in such form and detail as he shall prescribe (Administrative Code, §§ 773a-1.0-773a-2.0).
No person shall be licensed unless a citizen of the United States or has regularly declared his intention of becoming a citizen (Administrative Code, § 773a-1.0).
Petitioner, a citizen of the United States, applied for such a license, the Commissioner denied her application, and she brings this proceeding to compel him to grant it.
In the form of application prescribed by the Commissioner there was a question: “ If applicant has ever been arrested or summoned for any offense, such facts must be stated in full, giving number of times and final disposition.” In her sworn answer to that question petitioner stated that in 1947 she had been arrested for maintaining a house of prostitution and sentenced to 15 days in the workhouse.
By co-operation with the Police Department the Commissioner ascertained that in addition to what petitioner thus disclosed, she had been arrested on the same charge in 1936 and again in 1939 and in each of those instances she had received a suspended sentence; also that in each instance her record was under a different name, no one of which names was the name in which she institutes this proceeding and which she presumably used upon her application for the license.
The requirement of a license carries with it, by natural implication, a discretion on the part of the Commissioner to refuse to grant one (People ex rel. Schwab v. Grant, 126 N. Y. 473,
*20 481); and while it is established that such a licensing officer may not arbitrarily impose limitations not contained in the statute (Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157, 161), or, in other words, may not refuse a license upon a ground which the statute does not authorize him to consider, or a ground which is not supported by any evidence (Matter of Elite Dairy Prods. v. Ten Eyck, 271 N. Y. 488; Matter of Goelet v. Moss, 273 N. Y. 503; Matter of Phipps v. Moss, 273 N. Y. 505; Matter of Small v. Moss, 277 N. Y. 501, 507; Matter of Small v. Moss, 279 N. Y. 288), the rule remains that unless the licensing officer commits an error of law or in some other respect acts arbitrarily or capriciously, his judgment is final and the courts may not interfere (Matter of Ormsby v. Bell, 218 N. Y. 212), and other cases above cited.
Petitioner argues that the only requirements for a license mentioned in the statute are citizenship, a bond, and payment of a fee, and that the Commissioner hence had no right to consider her character. Her counsel points to the fact that the statute in relation to licenses for motion picture theatres expressly authorizes the Commissioner to pass upon the location of the theatre and the character of the applicant (see Matter of Small v. Moss, 277 N. Y. 501, 511, 512, supra), and argues that the omission of those matters from the statute in relation to licenses to second-hand dealers dictates the conclusion that as to such licenses the Commissioner is limited to the fact of citizenship, the giving of a bond, and the payment of the fee.
I cannot believe that there ever was any intent so to limit and fetter the Commissioner’s action and discretion. A Commissioner with no more power and discretion than that would be a useless figurehead, and under such a rule the system of licensing would become, not a protection to the public, as it obviously was designed to be, but a dangerous delusion and a snare, because it would create the impression that there had been investigation as to the fitness of licensees when, in fact, there had been no such investigation.
Implicit in the fact of requiring a license there is, I think, not only an authorization but a command to take reasonable steps to see that the applicant is a fit and proper person to engage in the licensed business (Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157, 161, supra; Matter of Small v. Moss, 277 N. Y. 501, 507, supra). By necessary implication, if not by the express terms of the statute, there is also, I think, clear authority to refuse licenses to those who violate the law (Matter of Small v. Moss, 279 N. Y. 288, 292, supra).
*21 Of course, the Commissioner has no power to declare any legislative policy or to create the standards which must govern the grant of a license. He may only apply the policy declared and the rules and standards laid down in statute and ordinance (Matter of Small, 279 N. Y. 288, 297). , But it is not essential that the rules or standards he set forth in the statute in express terms. It is sufficient if they be clearly implied when the statute is read in the light of its history and purpose (Matter of Small v. Moss, supra, pp. 291, 292 ; 277 N. Y. 501, 512); and I think that the requirement of a license is itself a legislative declaration that the business for which the license is required is to be subject to some regulation and that only those may engage in it whom the Commissioner thinks proper. The Commissioner’s discretion doubtless is not entirely unfettered, but there certainly is nothing arbitrary or unreasonable in his saying, as he in effect has said here, that he will not license people who have been thrice convicted of crime and who lie about their convictions in their application for a license.
I conclude, therefore, that the Commissioner here acted within the scope of his legal authority and that his action was not arbitrary or capricious.
Matter of Dieli v. Moss (N. Y. L. J., July 22, 1944, p. 140, col. 7, affd. 268 App. Div. 902); Matter of Corro v. Moss (184 Misc. 1050) and Farber v. Moss (56 N. Y. S. 2d 651) are not to the contrary. They relate to the revocation of barber’s licenses and rest upon statutory provisions not applicable to this case; and there is quite a difference between revoking a license and refusing to grant one (Bonserk Theatre Co. v. Moss, 34 N. Y. S. 2d 541, 548, 549; and see, also, Matter of Hood Restaurant v. Wallander, 186 Misc. 254, 256). I also add that the obiter comment upon Dieli v. Moss in Farber v. Moss, seems to me to be a misinterpretation of Dieli v. Moss.
This proceeding is accordingly dismissed.