In the Matter of THOMAS J. PHILLIPS, Petitioner, against EDWARD T. McCAFFREY, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, New York County, May 19, 1955.

*Harold F. Berg* for petitioner.

*Irwin Karp* for Authors League of America, Inc., *amicus curiæ.*

*Charles Ballon, Jacob M. Usadi* and *Julian S. Perlman* for New York Civil Liberties Union, *amicus curiæ.*

*Peter Campbell Brown, Corporation Counsel* (*Milton Mollen* and *Janet H. Lewin* of counsel), for respondent.

STEUER, J. Petitioner on October 13, 1954, applied to respondent license commissioner for a license to conduct theatrical performances in a theatre in Brooklyn. The application specified vaudeville and burlesque as the form of entertainment to be offered. After some preliminaries, including two public hearings, respondent denied the application and gave his reasons therefor in writing. This remarkable document serves a very useful purpose. In revealing the mental processes by which respondent reached his conclusions it removes from the area of debate any issue as to whether respondent's action was or was not arbitrary and capricious. That it was is not even open to question.

That is not to say that respondent was not actuated by a desire to perform the duties of his office as he conceives them in the light of his personal moral code. Undoubtedly he was so actuated. It is only that no authority was ever conferred upon the office to act on the basis he assumed to act upon nor could such authority be granted constitutionally.

The license was denied to petitioner because, says respondent, in 1937, burlesque licenses were denied renewal due to objectionable practices in such performances. It is further the commissioner's belief that the offerings of this petitioner would in a short time descend to the level of those practices, regardless of the plane upon which they might start out. And should they fail to do so, the public would feel cheated thereby. The statement concludes that it is equally the duty of the commissioner to protect that portion of the public who would be offended by the type of performance previously banned and that portion who would be misled into patronizing the theatre and not finding it.

In other words, the license commissioner is the guardian of those of high moral sensitivity and a guarantor to those " panting womanless hordes " (the quotation is his) that they shall not be duped into attending a decent performance.

Insofar as the first reason is concerned, it amounts to a censorship without even the merit of reasonable grounds for belief

that what was to be censored would be objectionable. Censorship is forbidden in this country. (*Superior Films* v. *Department of Education,* 346 U. S. 587.) That does not mean that we do not have an adequate means of preventing lewd or indecent exhibitions. Not only are such punishable but, where the statutory standards of reasonable likelihood of their being offered are met, they can be prevented. (Penal Law, § 1140-a.)

Here the only objection that the respondent has to the issuance of the license is that the word " burlesque " is used. There is nothing in the Administrative Code that requires an applicant for a license to make any specification of the type of performance. The commissioner has no authority to impose limitations not contained in the statute. (*Matter of Picone* v. *Commissioner of Licenses of City of N. Y.,* 241 N. Y. 157.) Here the limitations imposed by the Administrative Code were not even a matter of discussion by or before the commissioner.

While any form of previous restraint is, in the words of the Supreme Court, " to be especially condemned " (*Joseph Burstyn, Inc.,* v. *Wilson,* 343 U. S. 495, 503), the two main grounds for respondent's action — namely, the fact that other producers of burlesque have violated statutes against decency, and using the term " burlesque " in connection with a performance — have been expressly declared violative of the Federal Constitution by the highest court of a sister State. (*Adams Theatre Co.* v. *Keenan,* 12 N. J. 267.)

Motion granted.