Samuel H. Hofstadter, J.
Petitioner is the owner of a five-story building at 309 West 72d Street, in this city. Originally erected as a one-family private dwelling, it has been converted into a rooming house of 19 separate units. In this article 78 proceeding, he seeks an order declaring section 194 of the Multiple Dwelling Law unconstitutional; or in the alternative, annulling the regulations, promulgated by the commissioner of the department of buildings of New York City pursuant to the section. The petition is dismissed.
The court would be loath at Special Term to condemn as unconstitutional any statute, enacted for the protection of life, unless its invalidity was so manifest that the court had no alternative. This cannot be said of the statute here challenged. (See Adler v. Deegan, 251 N. Y. 467.)
Indeed, the courts as well as the Legislature, ought to strive to the utmost of their competence, to safeguard the habitations of the poor. What I know as a man, I need not ignore as a judge. Housing accommodations for low, moderate and even middle income groups in our community — the City Wonderful— are woefully inadequate; and in many instances pitifully neglected and even unsafe. If we cannot invest the dwelling places of the underprivileged with dignity, we can at least, insist by statute and public opinion, that they be kept secure!
In recent years, particularly, there has been a wave of serious fires in rooming houses which resulted in great loss of life and considerable damage to property. Various factors have contributed to this sharp increase in the number of fires. Overcrowding in inadequate living quarters has added to the fire danger. Post-war migration into the city in huge numbers, year after year, without corresponding new building to accommodate this huge demand for living space, has resulted in tremendous pressure on the existent residential areas. This *595 pressure has resulted in the conversion of larger apartments into smaller ones; and one-family houses into multi-unit dwellings ; families have doubled up in space intended for one family. Incredible overcrowding prevails.
These conditions became a matter of grave concern to out community. A Grand Jury was convened in Kings County in January, 1952 for the purpose of investigating the cause of these fires. On March 3, 1953, it reported: “ While the law makes provisions for safety factors such as fire retarding in halls or sprinklers, it can readily be understood that these safety factors are in a great part nullified by the most inadequate provision for limitation of numbers, the multiplicity of cooking apparatus and the danger from individual heating units.”
The Legislature thereafter decreed the extension of the protection, afforded by the automatic sprinkler system, from the public hallways to each room in the premises. Section 194 of the Multiple Dwelling Law, effective March 23, 1956, provides that “ in every room in a class B non-fireproof converted dwelling * * * there shall be one or more sprinkler heads.” The Legislature made the following observation in its legislative note: “ The additional protection required by this amendment applicable solely to rooming houses will entail only minor expenditures. The Committee feels it is extremely important that this protection be provided because of the fire hazard arising from this type of occupancy.”
The court rejects also the petitioner’s contention that the respondent was without power to adopt the regulations implementing the statute. The section specifically states that the sprinkler heads are to be installed ' ‘ in accordance with the supplementary rules and regulations of the department.” The Multiple Dwelling Law (§ 4, subd. 3) states: “ The term ‘ department ’ shall mean the department, bureau, division or other agency charged with the enforcement of this chapter.”
Furthermore, the respondent has not issued a violation order or made any determination with reference to the premises of the petitioner. Until the respondent acts or makes a determination that the petitioner’s premises violate the section, there is nothing to review. Only when such determination is made, will a record be available upon which the court can determine whether the action taken is arbitrary, unreasonable or capricious. (Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339; Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157; Matter of Newbrand v. City of Yonkers, 285 N. Y. 164.)
This proceeding is dismissed.