Michael Catalano, J.
Plaintiff moves for an order enjoining defendants from constructing a car wash at 2200 Clinton Street, corner of Bossier Avenue, Cheektowaga, New York; defendants cross-move for summary judgment.
August 26,1968, defendants applied to plaintiff’s Town Board (Town Board), requesting permission to construct a car wash facility at 2200 Clinton Street, corner of Bossier Avenue, Cheektowaga, New York; on the same lot were located three stores, known as “ Valu Discount” shopping plaza (Plaza); receipt was acknowledged of $40, being the permit fee established by the *104 Town Board, signed by Benedict T. Holtz (Holtz), Town Clerk; Carl Trafalski (Trafalski) as “Building Commissioner,” signed a certification that he examined the application, building plans and plot plan, and that ‘ ‘ they conform to Ordinances of Town of Cheektowaga; ’ ’ Trafalski, as ‘ ‘ Building and Plumbing Inspector ” approved this application on September 11, 1968, on which date permit No. 348 was issued, expiring March 11, 1969, on property that had been zoned ‘ ‘ Business ’ ’ since November 19, 1962.
This proposed car wash has two storage tanks totaling 14,000 gallons of water, used to wash one car at a time, then the water is returned to the storage tanks purified, then reused repeatedly. All cars waiting to be used would be stored on Plaza premises, not on the street. The plans show a two-foot pitch inward from the perimeter of the car wash area so that all water would flow into the Plaza into drains, not into the street or adjacent land. The Town Board has issued building permits for a two-car wash on Harlem Road, another on Walden Avenue, a one-car wash in the Airport Plaza at Union Road and Genesee Street.
September 12, 1968, the day after the permit was issued, certain nearby residents petitioned the Town Board to “ reject this project in our area,” because of heavy traffic, school children attending two schools, pedestrians using the Plaza and speeders.
September 16, 1968, the Town Board met and resolved “ that the application made by OstroAVski Builders, Inc. for a Car Wash establishment on Bossier & Clinton Street at the Valu Plaza, be denied,” five days after it had been issued.
September 21, 1968, four of the seven members of the Town Board met and resolved ‘ ‘ that no construction of such Car Wash shall be permitted, and the Building and Plumbing Inspector be and he hereby is instructed to stop any construction of the same if attempted.” At that meeting, Kenneth Kitzinger (Kitzinger) Town Attorney for plaintiff, said “ that if all the requirements of the Town’s ordinances relating to the construction of a car wash at the location involved were complied with, that in my (Kitzinger’s) opinion the applicants could apply to the Supreme Court for an order directing the issuance of a building permit, and that on the basis of such compliance, the Court would grant an order directing such issuance. ’ ’
Between August 19, 1968 through August 30, 1968 this application had been submitted to the Building and Plumbing Department, with a typewritten notation stating. ‘1 Above *105 application subject to approval of Engineering Department re drainage,” and also the word “ Hold ” written with a pen.
Chester Bryan (Bryan), Engineer for plaintiff, was shown the drainage and sewage plans for this car wash, whereupon he said, ‘ ‘ if such plans were followed, the construction would not be objectionable.”
Benedict T. Holtz (Holtz), plaintiff’s Town Clerk, has had the duty and practice of issuing all building permits upon written certification of the Town Building Commissioner that the applicable Zoning Ordinances and Building Code have been followed. It has been the usual procedure and practice to present all applications for building permits to the Town Board, as was defendant’s application, which was routinely presented to the Town Board meeting of September 3, 1968, and approved without discussion, subject only to the approval of the Engineering Department regarding drainage. Holtz’ practice was to keep a record of all Town Board resolutions, which he did here, marking defendant’s application “Approved ” at the September 3, 1968 meeting. Holtz marked the word “Hold ” on Town Board’s record “in order to indicate that this application was subject only to approval of the Engineering Department regarding drainage.” The Town Engineer verbally approved the drainage plan and the Building Commissioner certified Codes compliance, so Holtz issued this permit upon receipt of the $40 fee. It was not the custom to refer the matter back to the Town Board when the drainage provision was fulfilled, it being a routine matter. The practice always was that the Town Engineer verbally approved to the Building Commissioner who certified full compliance to Holtz who was told to issue the permit. Holtz issued at least five permits for car wash structures with Town Board approval, Town Engineer approval and the Building Commissioner’s certifications, and in each such instance the Town Engineer gave an oral (not written) approval of the drainage plan. Holtz stated under oath: “ In my opinion, the permit in this case as issued is valid in all respects, the applicant having complied with all the requirements of the Town Board, Zoning Ordinances of the Town of Cheektowaga and the Building Code of the Town of Cheektowaga and State of New York.”
Section 137 of the Town Law provides, in part: ‘ ‘ Upon receipt of the license fee therefore, the town clerk * * * shall issue a license specifying the trade, occupation or use of premises thereby authorized and such license shall become effective from the date thereof and shall continue in force for the term specified therein ”.
*106 ‘ ‘ The duties of administering the provisions of the zoning ordinances shall be performed by the Town Clerk, who shall have exclusive power to grant building and use permits, subject, however, to such procedure and appeal action as is hereinafter provided for.” (Zoning Ordinance, Town of Cheektowaga, Erie County, New York, § 23 (a), p. 8.)
Here Holtz duly issued the permit on September 11, 1968, expiring March 11, 1969.
“ The Town Clerk, with the approval of the Town Board, shall issue a permit for the prosecution of the work, after certification by the Building and Plumbing Inspector that the plans and specifications and the prospective uses comply with the requirements of this Ordinance, the Zoning Ordinance and the State Laws and that any retained existing construction is in good and safe condition.” (Building Code, Town of Cheektowaga, Erie County, New York, § 1, (B), par. 2, p. 10.)
Here, Holtz did just that.
The Town Broad may revoke a license when it determines the applicant to be “ an undesirable person or incapable of properly conducting the trade or business previously licensed. The granting, refusal or revocation of such license by the town board shall be subject to review by certiorari.” (Town Law, § 137.)
Here, no one questions the applicant as undesirable or incapable.
When the Town Board reserves to itself the power to approve each building permit application, it may not refuse a permit arbitrarily or discriminatorily (Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534, app. dsmd. 309 U. S. 633.)
‘ ‘ Refusal to grant a permit must be considered arbitrary where based solely upon grounds which under the statute the administrative body may not consider. Under some statutes license to conduct a lawful business must be granted to any applicant of good character who complies with definitely formulated conditions. Refusal to grant a permit to a qualified applicant who complies with these conditions but fails to comply with other conditions which the administrative body seeks to impose, is arbitrary as matter of law.” (Matter of Larkin Co. v. Schwab, 242 N. Y. 330, 335; citing Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157,161. Accord: Matter of Barkton Trucking Corp. v. O’Connell, 7 N Y 2d 299, 309; Matter of Nationwide Co. v. Superintendent of Ins., 16 N Y 2d 237, 244.)
Here, the Town Board tried to change its mind after approval and issuance of the permit. The court is very sympathetic *107 to the petition of nearby residents in opposition to the ear wash. Nevertheless, the applicant has fulfilled all conditions imposed by law; the Town Board may not be arbitrary or discriminatory where a proper business seeks to be permitted in a “ Business ” zone.
Plaintiff’s motion is denied. Defendant’s motion for summary judgment is granted. No motion costs.