ın the Matter of PAUL P. PETRZALA, JR., Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, Broome County, April 22, 1950.

*Harry S. Travis* and *Kenneth P. Whiting, Jr.,* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Ronald E. Coleman* of counsel), for respondent.

ZELLER, J. Pursuant to the procedure authorized by article 78 of the Civil Practice Act, the petitioner seeks to review the respondent's refusal to issue an operator's license to him and requests an order directing the issuance of a license.

On July 11, 1949, the petitioner was the driver of a motor vehicle which left the highway and struck a telephone pole. A passenger therein sustained injuries which caused his death. Later, the petitioner testified at a hearing held by a person

deputized by the respondent who found that the petitioner was driving in a fast and reckless manner at the time of the accident in violation of section 58 of the Vehicle and Traffic Law. On October 3, 1949, pursuant to the finding made at the hearing, the respondent revoked the petitioner's operator's license. The petitioner did not seek judicial review of the finding made at the hearing or of the order of revocation.

On January 26, 1950, the petitioner applied for the issuance of a new operator's license. The revocation being " permissive ", the respondent had the power to issue a new license at that time. Subdivision 5 of section 71 of the Vehicle and Traffic Law provides, in part: " Where revocation is permissive, no new license or certificate shall be issued by such commissioner to any person until after thirty days from the date of such revocation, nor thereafter, except in the discretion of the commissioner after an investigation or upon a hearing." However, the respondent declined to issue the license, and advised the petitioner to apply after September 14, 1950.

The foregoing facts are alleged by the petitioner. In addition he alleges that the accident was due to his unfamiliarity with the highway and not to any excessive rate of speed; that he had never before been involved in any major accident for the eight years he had been licensed to drive, and that he had only one vehicle and traffic violation, which was for speeding in 1946; that an operator's license is necessary for the purposes of his employment, and that the loss of the license has worked a great hardship upon him.

The respondent does not deny the jurisdiction of this court to entertain this application, but raises an objection in point of law to the petition claiming that it does not state facts sufficient to entitle the petitioner to the relief requested. (Civ. Prac. Act, § 1293.)

The respondent's determination that the petitioner drove in a reckless manner cannot be reviewed on this application as more than four months have elapsed since the order of revocation was served upon the petitioner. (Civ. Prac. Act, § 1286.) The determination itself is pertinent in deciding whether the respondent had any valid reason for denying the petitioner's application for a license less than five months after the revocation. On the relevant facts alleged in the petition it cannot be held that the respondent has used his discretion in an arbitrary or capricious manner. Therefore the petition does not state facts sufficient to entitle the petitioner to the relief requested and it should be dismissed.