In the Matter of NORBERT A. WEISS, Petitioner, against JAMES R. MACDUFF, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Onondaga County, April 25, 1955.

*Costello & McNett* for petitioner.

*Jacob K. Javits, Attorney-General* (*Herman H. Arkin* of counsel), for respondent.

DEL VECCHIO, J. The petitioner seeks to review the determination of the Commissioner of Motor Vehicles in revoking his chauffeur's license and suspending his certificate of registration. The order to show cause, returnable February 14, 1955, upon which such application was brought, contained a stay of the enforcement of said orders.

In his petition, verified January 15, 1955, the petitioner admits three convictions for speeding within the period of eighteen months. He asserts, however, that at no stage of the proceedings incidental to the last conviction did the Justice of the Peace comply with the provisions of section 335-a of the Code of Criminal Procedure; that the summons or ticket issued to him did not have printed on it in bold red type the instruction contained in section 335-a; that had he known that a plea of guilty would result in a mandatory revocation of his license he would not have entered a plea of guilty; that he talked to the Justice of the Peace since receiving the orders of revocation and suspension and states that the Justice of the Peace told him he did not instruct petitioner pursuant to section 335-a of the Code of Criminal Procedure.

The petitioner also presented on the argument of this motion an affidavit sworn to by the Justice of the Peace on January 31, 1955, stating he did not advise petitioner of the warning specified in section 335-a of the Code of Criminal Procedure, and that he did not know petitioner had two previous violations within a period of eighteen months.

It is well settled that at the time of the arraignment, and before accepting the plea of guilty to a third violation for speeding, it was necessary for the Justice of the Peace to inform petitioner of the provisions of section 335-a of the Code of

Criminal Procedure. (*Matter of Johnston* v. *Fletcher,* 300 N. Y. 470; *Matter of Long* v. *Macduff,* 284 App. Div. 61.)

However, the power of the court in reviewing administrative determinations is limited and it should not set aside an administrative conclusion unless there is no substantial evidence to sustain it.

In *Matter of Reynolds* v. *Triborough Bridge & Tunnel Auth.* (276 App. Div. 388), the court, in discussing the limited power of the courts when reviewing administrative decisions, said at page 393: '' In reviewing administrative determinations, a court must consider on the one hand that such determinations may not be disturbed where there is substantial evidence to support them — evidence sufficient to satisfy a reasonable man, and on the other hand a reviewing court must also consider that insufficiency of evidence is, in the eyes of the law, no evidence — certainly no evidence of any substantial character (*Matter of Case,* 214 N. Y. 199; *Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256, 273–274). A reviewing court has more than a passive, acquiescent function to perform when it passes upon the determinations of administrative agencies; it has a real judicial function to exercise where it reviews the sufficiency and the substantiality of the evidence upon which those agencies have acted.''

The respondent asserts that the orders of revocation and suspension were mandatory pursuant to paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law and has attached to his answer three certified photostatic copies of the records of conviction, and points out that the certificate of conviction for the last violation to which the petitioner pleaded guilty on June 14, 1954, has printed on it the provisions of section 335-a of the Code of Criminal Procedure and bears a certification by the Justice of the Peace that upon arraignment the above instructions were given.

Upon examination of Exhibit E it appears that on October 19, 1954, the Justice of the Peace certified that upon arraignment for the third or last speeding violation the petitioner was instructed of the provisions of section 335-a and that the certificate of conviction with that certification was received by the commissioner on October 26, 1954.

The Appellate Division, Fourth Department, in *Matter of Eckerson* v. *Macduff* (284 App. Div. 56), said at page 58: '' The commissioner therefore may not automatically revoke upon a judgment of conviction. He must first determine that the magistrate complied with the provisions of section 335-a of the Code

of Criminal Procedure. It is the commissioner's determination upon that question which the petitioner here seeks to review. The relief sought here is not from the judgment of conviction but from the determination of the Commissioner of Motor Vehicles. Article 78 of the Civil Practice Act provides an appropriate proceeding for that purpose."

The court has no power in an article 78 proceeding to substitute its views when the commissioner's determination is supported by substantial evidence before him. (*Matter of Burke* v. *Bromberger,* 300 N. Y. 248, 251.)

Paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law makes it mandatory that the commissioner revoke petitioner's license if he is satisfied that petitioner was convicted of three speeding violations within a period of eighteen months and that the petitioner was duly informed of the provisions of section 335-a of the Code of Criminal Procedure prior to the acceptance of a plea of guilty to the last charge. If there is evidence before the commissioner to sustain his determination the courts are not justified in interfering with his decision.

The commissioner based his decision upon the three certified copies of the records of conviction, which showed not only three speeding convictions within a period of eighteen months but also that the Justice of the Peace duly informed petitioner of the provisions of section 335-a. The evidence before him was legally sufficient to support his determination and this court may not interfere. As the court said in the *Eckerson* case, the relief sought here is not from the judgment of conviction but from the determination of the Commissioner of Motor Vehicles. The responsibility for making the determination revoking petitioner's license and suspending his registration rests upon the commissioner and this court will not substitute its judgment for that of the commissioner where the latter's findings and conclusions are supported by the evidence. (*Matter of Lea* v. *Macduff,* 205 Misc. 24; *Matter of Renkowski* v. *Macduff,* N. Y. L. J., March 4, 1955, p. 11, col. 3.)

If, as petitioner asserts, he was not informed of the provisions of section 335-a at the time of his last conviction, it would appear that his appropriate remedy is an attack upon the judgment of conviction itself (see *People* v. *McBride,* 202 Misc. 544), which, if successful, would entitle him to apply to the commissioner for restoration of his chauffeur's license and certificate of registration. (Vehicle and Traffic Law, § 71, subd. 6.)

Petitioner's application is denied and the petition is dismissed.

Order accordingly.