Charles B. Brasser, J.
This is a proceeding under article 78 of the Civil Practice Act to review proceedings resulting in the revocation of petitioner’s motor vehicle operator’s license, and requesting an order annulling the commissioner’s determination in this regard.
It appears that on or about May 1, 1953, petitioner’s license was revoked for three convictions of speeding within an eighteen-month period. A notice of revocation was mailed by the commissioner on or about said date and admittedly received. Subsequently, and prior to May 18, 1956, petitioner was issued an operator’s license, which license was also revoked under notice of revocation dated June 18, 1956. The later notice set forth that the cause of revocation was the irregular obtaining of the last license while the prior revocation order was still effective.
Petitioner contends that subdivision 6 of section 71 of the Vehicle and Traffic Law requires that the commissioner cause the license to be secured if not surrendered immediately and that revocation is not effective until such physical possession is accomplished. Such position fails to take into account the legislative mandate of paragraph (c) of subdivision 2 of section 71 of the Vehicle and Traffic Law which provides for mandatory revocation in a case such as the one at bar. It would place upon the commissioner such a burden as would in *911 numerous eases render inoperative the legislative intent. Whether the revocation is effective from the time of the issuance of the order of revocation (Matter of Blackburn v. Macduff, 206 Misc. 393) or from the time of receipt of the order of revocation by the license holder (Matter of Petrzala v. Fletcher, 199 Misc. 688) is immaterial in the case at bar because in either event a revocation was ordered.
Petitioner presented her revoked license and obtained a renewal license. Since petitioner had no right to possession of a valid operator’s license at the time of such renewal, the renewal itself was not effective. The subsequent notice of May 18, 1956, was consequently proper and required the surrender of the purported license.
The petitioner’s contention that the commissioner was guilty of laches in failing to press for the physical surrender of the license under the revocation order of May 1, 1953, is without merit. As stated the license was revoked by act of the commissioner by notice mailed and admittedly received. The retention of the license under such circumstances by the petitioner is made a crime. (Vehicle and Traffic Law, § 71, subd. 6.)
Ignorance of the terms of the revocation notice is no defense.
The petition is accordingly dismissed.
Submit order.