Marshall E. Livingston, J.
This is an article 78 proceeding to review a determination of the respondent Commissioner of Motor Vehicles, whereby on October 10, 1967 he refused to issue a driver’s license to the petitioner, who made application therefor on May 10, 1967.
The petitioner’s license was originally revoked, pursuant to subdivision 3 of section 510 of the Vehicle and Traffic Law, after a hearing before a Referee on February 1, 1965, for a violation of section 392 of the Vehicle and Traffic Law.
An article 78 proceeding brought thereafter resulted in the matter being transferred by court order to the Appellate Division, as provided in CPLR 7804 (subd. [g]). The Appellate Division (24 A D 2d 554) affirmed the Referee’s ruling.
Subsequently, in 1966 the petitioner made application for an operator’s license, which was denied on December 29, 1966, by the Commissioner of Motor Vehicles in a letter stating that the denial was ‘ ‘ based on your criminal record and poor reputation ”. Another reason given was that, “ You failed to produce proof of fitness for a license or to obtain the approval of the Police Authorities ”. No review was sought of that ruling.
On May 10, 1967 the petitioner filed the instant application, which was denied on October 10, 1967 by the respondent Com *538 missioner of Motor Vehicles. The letter denying the application refers to the 1966 application, indicates the reasons for the denial set forth in Commissioner Halts’ letter of December 29, 1966, and closes with the statement that, 1 £ A review based upon yonr present application does not reveal any grounds for making a contrary determination at this time ’ ’.
The petitioner alleges, and the respondent admits, that the original revocation of 1965, which was upheld by the Appellate Division, was a permissive revocation under subdivision 6 of section 510 of the Vehicle and Traffic Law, which provides in part as follows: ‘£ Where revocation is permissive, no new license or certificate shall bo issued by such commissioner to any person until after thirty days from the date of such revocation, nor thereafter, except in the discretion of the commissioner after an investigation or upon a hearing ”.
The license to operate a motor vehicle in this State is a property right, which may not be taken away except by due process (Matter of Wignall v. Fletcher, 303 N. Y. 435, 441; Matter of Hecht v. Monaghan, 307 N. Y. 461, 467; Matter of Davis v. Hults, 24 Misc 2d 954, 959).
The portion of subdivision 6 of section 510 of the Vehicle and Traffic Law above quoted, with reference to the requirements for reinstatement of a license, provides for such ££ due process ”. It requires the Commissioner, after an investigation or a hearing, to use reasonable discretion based on the facts developed.
There is no showing here of any investigation with relation to the applicant. True, W. M. Lombard, Chief of Police of the City of Rochester, stated, “We continue our objection to any favorable consideration for reinstatement of a New York State driver’s license to the applicant”. Parenthetically, and with reference to the Commissioners’ letters denying both applications, I may say that I know of no requirement whereby police officials must approve applicants for reinstatement of licenses. This procedure is far from the due process demanded in dealing with such applications.
The letters of recommendation submitted by the applicant giving reasons for a reinstatement, as well as Chief Lombard’s unfavorable recommendation, should have signaled the need for a hearing on which to base discretion, instead of the resultant summary disposition of the application for a second time on October 10, 1967.
In view of the foregoing, I hold that the refusal to grant the application was arbitrary and not in conformity with the stand *539 ards of due process required by subdivision 6 of section 510 of the Vehicle and Traffic Law.
Furthermore, the petitioner’s present application for an operator’s license, which shows that the 1965 revocation was based on a fraudulent renewal application, perhaps may have no bearing on this application. It was a permissive revocation, and it would seem should be expiated by the two years that have since passed.
I do not wish to imply, however, that the Commissioner should disregard petitioner’s conduct, which was the basis for the 1965 permissive revocation. On the contrary, his discretion is as broad as the purposes of the statute require. That discretion I hold here was arbitrary, because it was not exercised after an investigation or a hearing, as required.
However, under the circumstances, I cannot say as a matter of law that petitioner is entitled to a license on the facts presented. The petition and the exhibits attached to the answer now before me are fairly sparse and leave much unanswered.
Judge Irving Lehman of the Court of Appeals said in Matter of Small v. Moss (277 N. Y. 501, 507): “ The limits of reasonable discretion are transgressed where refusal is based upon a ground which under the statute the licensing officer may not consider or upon a ground which is not supported by any evidence. ® * * Arbitrary refusal of a license in such case to a fit and proper applicant is a wrong to him; and ‘ he has a remedy through mandamus to right the wrong which he has suffered. ’ (Matter of Picone v. Commissioner of Licenses, 241 N. Y. 157, 160.) Whether or not an applicant has a clear legal right to a license depends, then, upon the question whether a refusal would be arbitrary or capricious, or whether a refusal would be justified by the existence of conditions which, under the provisions of the statute, might furnish reasonable ground for refusal by the licensing officer, in the exercise of a discretion vested in him. That question constitutes the ultimate issue of fact to be determined by trial judge.”
The refusal to issue the subject license and, therefore, the answer by the respondent to the application must be annulled, and the petition must likewise be dismissed. This annulment and dismissal, however, are without prejudice, and the matter is remanded to the office of the Commissioner of Motor Vehicles for a prompt hearing or proceedings not inconsistent with this opinion (cf. Matter of Hyatt v. Hults, 23 Misc 2d 538).